MILLS
v.
RILEY.

Saturday,
December 1.

---

MILLS and Others *v.* RILEY.

A special contract for work and labor, having been in part performed, was
rescinded and abandoned by mutual consent of the parties, and work and
labor in continuation of that done under the contract, were subsequently
performed. *Held,* that the special contract did not govern in ascertaining
the price and determining the article with which payment was to be made.

Nov. Term,
1855.

Mills
v.
Riley.

Saturday,
December 1.

APPEAL from the *Floyd* Circuit Court.

Perkins, J.—Assumpsit for work and labor. Plea, non assumpsit. Trial, and judgment for the plaintiff. Refusal of new trial excepted to.

The work and labor sued for was done upon the *New-Albany and Salem Railroad.* The defence is, that it was performed under a special contract specifying the price, time of performance, and manner of payment—the latter in *New-Albany* city bonds—and that the plaintiff in the suit failed to perform, &c.

It is admitted that under the decisions heretofore made in this state, there may be a recovery to the amount the labor of the plaintiff absolutely benefited the defendants, though he failed fully to perform his contract; but it is insisted that the contract, nevertheless, must govern in limiting the price, and designating the article in which payment is to be made; and so it seems to be held in *Coe* v. *Smith*, 4 Ind. R. 79.

But this principle will not apply where the special contract is rescinded and abandoned by mutual consent of the parties to it, and services are subsequently performed; and it is inferable from the evidence that such was the fact in this case.

The plaintiff first abandoned the work. Subsequently he returned to it under, to some extent, at least, a new arrangement, worked awhile and was then driven off, &c. A jury might infer that the first contract had been wholly abandoned by both parties, on the return of the plaintiff to the work; and the question would be for them. How far the arrangement between the parties was altered by agreement, does not clearly appear by the evidence. Under such circumstances, we must affirm the judgment below.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*R. Crawford*, for the appellants.
*J. Collins*, for the appellee.