### DUNCAN and Others *v.* THE BOARD OF COMMISSIONERS OF MIAMI COUNTY and Others.

In an action for work and labor done, and materials furnished, in the erection of a building, under a written contract, in which it is expressly agreed that no allowance shall be made for *extra* work, in order to entitle the plaintiff to recover for extra work, the pleadings should show that the extra work claimed for was expressly authorized by the owner of the building, or that it was so distinct from the building contracted for that the owner might have accepted and used the building without accepting and using the extra work, and that such owner yet did accept and use such extra work.

APPEAL from the *Cass* Circuit Court.

PERKINS, J.—This suit was removed from the *Miami* to the *Cass* Circuit Court. It was instituted by the assignees of *Nathan Crawford,* to recover the sum of fifty-two thousand dollars, claimed to be due said *Crawford,* from *Miami* county, " for work done and materials furnished, by said

*Nathan Crawford,* in the erection and completion of a new court-house, on the Public or Court-house Square, in the town of *Peru, Miami* county, *Indiana.*" So says the complaint. No written contract was set out.

The defendant answered, that the court-house was built under a special contract in writing, which writing was made a part of the answer, and which described the house to be erected, the price to be paid for its erection, including the furnishing of the materials, etc., and which written contract contained this stipulation, viz.: "And he (said *Crawford*) shall not be entitled to receive any additional compensation for any *extra* work done thereon, unless said *Board of Commissioners* shall, by their contract in writing, agree to pay the same." And the answer further averred payment of the entire sum required by the contract, for the completion of the house.

The plaintiffs replied: 1. The general denial unverified. 2. That twenty thousand dollars of the fifty-two thousand dollars were for *extra* work, which had been "accepted, used, and approved by the defendants."

A demurrer was sustained to the second paragraph of this reply; and, says the record, the plaintiffs refusing to plead further, it is considered that the defendants go hence, etc., and recover, etc. No exception was taken to the rendition of final judgment, nor did the plaintiffs ask for a trial of the cause. The demurrer to the reply was rightly sustained.

The case stands thus: The plaintiffs sue for the price of a court-house—fifty-two thousand dollars. The defendant answers, that the price of the court-house was fixed in a written agreement between the parties, at twenty-nine thousand six hundred dollars, and that that sum has been paid in full. The agreement is produced and shows that twenty-nine thousand six hundred dollars was the agreed price; and shows, further, that no claim, under it, for extra work

would be allowed.   Now, to avoid that answer, the plaintiffs should show that the extra work claimed for was expressly authorized by the *Board of Commissioners,* or that it was so distinct from the building contracted for, that the *Commissioners* might have accepted and used the building contracted for, without accepting and using the extra work.

Extra work could have been done under a new contract, perhaps a verbal one, and the county been liable for it.   So, an additional separate structure might have been erected without a special contract, and, perhaps, been so accepted and used by the county as to render her liable to pay for it. See *McClure* v. *Secrest,* 5 Ind. 31.   But the contractor could not, without the consent of the *Board,* put extra expense, in the way of finer finish, or more costly materials, and then claim pay for them, because the county used them.   If this could be done, then every mechanic who contracts to build a residence for a person upon his own ground, in a given manner, and for a given price, could, by extra fine plastering, painting, carving, etc., double the expense of the house, without the consent of the owner, and compel him to pay the bill or abandon the whole house.   This is not reasonable, and is not law.

The reply, in this case, sets up no new contract, nor does it show that the *extra* work was such as could have been rejected, without interfering with the use and enjoyment of the building as contracted for.

But, notwithstanding the special paragraph of the reply in avoidance of the answer was bad, the paragraph in general denial was good as a denial of the allegation of payment it contained; and requires, according to technical rules, a trial of that issue.   It is, however, evident, that the party did not rely on the general denial, and that the Court so understood it, and, hence, rendered final judgment; the plaintiffs, as we have said, making no objection.   Further, the record shows, by two exhibits, that the county has paid

and become liable for, more than the contract price of the court-house.

*Per Curiam.*—The judgment is affirmed, with costs.

*S. Major,* for the appellants.

*N. O. Ross* and *R. P. Effinger,* for the appellees.

