## PRATHER *v.* PRITCHARD.

TENDER.—COSTS.—When a tender has been made and refused before suit brought, and is afterwards kept good, if the plaintiff does not recover more than the sum tendered he must pay costs.

DEPOSITIONS.—CERTIFICATE.—It is not necessary that the names of the witnesses examined should be stated in the certificate of the officer taking the deposition. It is sufficient if they are referred to "as the above named deponents."

SAME.—SERVICE OF NOTICE.—The service by copy of a notice to take depositions is good, under the statute.

SAME.—PLACE OF TAKING.—Where the adverse party is present at the taking of a deposition, and consents to the taking at a given place, he cannot afterward object to the sufficiency of the notice as to the place of taking.

WITNESS.—MEMORANDUM.—A witness may refresh his recollection by reference to a memorandum made by him at the time of the transaction about which he is testifying.

DEPOSITION.—REVENUE STAMP.—The certificate of the officer taking a deposition is not subject to stamp duty.

APPEAL from the *Jennings* Circuit Court.

ELLIOTT, J.—This cause originated before a justice of the peace, and was a suit by the appellant against the appellee upon account. The justice rendered judgment in favor of the appellant for $13 63½, and against him for costs. In the Circuit Court a jury was waived, and there was a finding for the appellant for $15, "and that prior to the commencement of the suit the defendant made a legal and proper tender of $15 to the plaintiff on account of said indebtedness, and paid the same into court before the trial" before the justice, and that the tender had been kept good, and was then in the hands of the clerk. A judgment for $15 was rendered for the plaintiff, and costs adjudged against him.

The judgment for costs was so clearly right that no discussion of the question can be necessary.

The court refused to suppress the depositions of *James McCormick* and others. The objection urged was that the justice before whom they were taken did not set out

the names of the witnesses in his certificate. There is nothing in the objection. Their names were properly stated in the depositions, and they are referred to in the certificate as "the above named deponents." This was sufficient.

The court overruled a motion to suppress the deposition of one *Henry C. Atchison*, taken by the defendant below. Notice of the time and place of taking the deposition was served on the adverse party by delivering to him in person a copy of the original notice. The service is objected to on the ground that the notice should have been served by reading, and not by the delivery of a copy. Section 268 of the code, (2 G. & H. 175) in reference to depositions, provides that "The notice may be served in the same manner, and by any person authorized to serve a summons for a witness." The proper mode of personal service of a summons on a witness is by reading, but if the witness is temporarily absent, the summons may be served by leaving a certified copy thereof at his residence. The code provides that, "an unimportant deviation from any direction relative to taking depositions shall not cause any deposition to be excluded, where no substantial prejudice would be done to the opposite party." 2 G. & H., § 272, p. 180. It is not claimed in the case before us that the appellant suffered any prejudice from the service of the notice of the taking of the deposition by copy, instead of by reading it to him. Indeed it is difficult to see how any substantial prejudice could result to him from a service of the notice by copy. It placed in his possession written evidence of the time when and place where the deposition would be taken, to which he could refer for certainty, instead of being left to depend upon his uncertain recollection, from having heard the notice once read. There was no error in refusing to suppress the deposition for that cause.

The court overruled a motion to suppress the deposition of one *George N. Tucker*. The objections urged are, 1. That the officer's certificate does not show whether or not the adverse party attended. 2. That the notice did not

state the place where the deposition was to be taken. The first objection is not true in fact. The notary before whom the deposition was taken expressly certifies "that the plaintiff, (the adverse party,) was present in person at the taking of said deposition."

The notice stated that the deposition would be taken "before *Smith Jones,* or some person authorized to take depositions, in the town of *Columbus,* county of *Bartholomew,*" &c. It was not sufficiently certain as to the place where the deposition would be taken; but it appears by the officer's certificate that it was taken by *Smith Jones,* a notary public; that the parties were both present, and that by their agreement the deposition was taken at the office of *John Mullany,* in the town of *Columbus.* The plaintiff having been present, and having agreed upon the place where the deposition should be taken, could not afterwards object to the sufficiency of the notice in that respect.

The appellant moved to suppress the answer to the fifth question in the deposition of one *Willis Polk,* taken by the defendant. The court overruled the motion, and this ruling is also complained of. The witness had testified in reference to certain poplar lumber involved in the suit, and was asked how much there was of it. To which he answered, about 5,995 feet. On cross-examination the witness admitted that he stated the number of feet from a memorandum held in his hand, and stated further that he had measured the lumber and made the memorandum at the time of the measurement; that aside from the memorandum he could not recollect the exact number of feet, but that, independent of the reference to the memorandum, he did recollect that there was about 6,000 feet of it. The evidence was clearly proper, and the court did right in overruling the motion to suppress it.

When the motion was made to suppress the depositions, there was no revenue stamp attached to the certificate of the officer before whom a part of them were taken, which was

one of the causes urged for suppressing them. The court permitted the defendant to attach the stamp, and then overruled the motion to suppress, and this ruling is also assigned as error.

Section 158 of the act of Congress, "to provide internal revenue to support the government," &c., approved *June* 30th, 1864, as amended by the act of *March* 3, 1865, (Statutes at Large, p. 481,) provides "That hereafter, in all cases where the party has not affixed to any instrument, as required by section 151 of the act of *June* 30th, 1864, or the schedule marked *B*, thereunto annexed, the stamp thereby required to be thereunto affixed, at the time of making or issuing the said instrument, and he or they, or any party having an interest therein, shall be subsequently desirous of affixing such stamp to said instrument, he or they shall appear before the collector of the revenue of the proper district, who shall, upon the payment of the price of the proper stamp required by law, and of a penalty of $50, and where the whole amount of the duty denoted by the stamp required shall exceed the sum of $50, on payment also of interest at the rate of six per cent. on said duty from the day on which such stamp ought to have been affixed, affix the proper stamp to such instrument, and note upon the margin of said instrument the date of his so doing, and the fact that such penalty has been paid, and such instrument shall thereupon be deemed and held to be as valid to all intents and purposes as if stamped when made or issued." It also provides that the collector of the revenue may, in certain cases, remit the penalty. This amendatory act was in force when the depositions in the case at bar were taken. It is evident, from this provision of the act of Congress, that the revenue stamp was not properly attached to the officer's certificate, and the question presented must be regarded as though no stamp had been attached. We are therefore called upon to determine whether the act of Congress referred to requires that the official certificate of the officer to a deposition taken before him, to

be read in evidence in a suit pending in a court of the
State, shall be stamped with a revenue stamp.

Schedule B, of the act of *June* 30th, 1864, (Statutes at
Large 298,) enumerates a variety of certificates subject to
stamp duties, all of which are certificates representing values,
or which constitute the evidence of a legal, right.   To this
enumeration is added, "certificate of any other description
than those specified, five cents."   It may be conceded that
this language is sufficiently broad to cover the officer's cer-
tificate to a deposition, if the act and the schedule con-
tained no other provision in words, or by legal inference,
forbidding such an application of it. . The schedule contains
a separate heading, "legal documents," under which a stamp
duty of fifty cents is required on the writ, or other original
process, by which any suit is commenced in any court of
record, either of law or equity, or where the amount claimed
in a writ issued by a court not of record is $100 or over.
Upon every confession of judgment, or cognovit, for $100
or over, (except in those cases where the tax for the writ
of a commencement of a suit has been paid,) fifty cents.
Writs or other process on appeals from justices' courts, or
other courts of inferior jurisdiction, to a court of record,
fifty cents.   On a warrant of distress, when the amount
of rent claimed does not exceed $100, twenty-five cents.
When the amount claimed exceeds $100, fifty cents.   Writs,
summons, or other process issued by, and returnable to, a
justice of the peace, or by any police or municipal court
having no larger jurisdiction as to the amount of damages
it may render than a justice of the peace in the same State,
are exempt from stamp duties.   The schedule also exempts
from such duties the bonds required in legal proceedings,
and affidavits in suits or legal proceedings.

From a careful examination of the act of Congress, and
schedule B, we think it was not the intention of Congress
to impose a stamp tax on any other process or proceeding,
in suits pending in the state courts, than those enumerated
in schedule B.   No tax is imposed on depositions, and the

certificate of the officer before whom they are taken is an act essential to their validity, and in that sense forms a part of them. They are legal documents, and constitute a part of the legal proceeding, and we think the officer's certificate is not subject to a stamp duty. The court, therefore, did not err in refusing to suppress them for the reason that the officer's certificate was not stamped.

The judgment is affirmed, with costs.

*F. T. Hord*, for appellant.