## GUTHRIE ET AL. *v.* BUCKEYE CANNEL COAL COMPANY.

DEPOSITIONS.—*Sufficiency of Officer's Certificate to.*—The certificate annexed to depositions was substantially as follows : "I," etc., "a notary public in and for," etc., "duly commissioned," etc., "do hereby certify that the above named," etc., "were by me first duly sworn," etc., "to testify the truth," etc., "relating to said cause ; that said depositions were reduced to writing by me ; that the said," etc., "adverse party herein, did not attend by attorney or in person, and said depositions were taken at the law-office of," etc., "in," etc., "on," etc., "between the hours of," etc. "In testimony," etc.

*Held,* that this certificate fills the requirements of the statute.

From the Montgomery Circuit Court.

*S. C. Willson* and *L. B. Willson,* for appellants.

*E. C. Snyder,* for appellee.

PERKINS, J.—The appellee sued the appellants upon an account, and recovered judgment.

The assignment of errors on appeal to this court is as follows :

1. The court erred in overruling appellants' motion to suppress certain depositions ;

2. In overruling the motion for a new trial.

The evidence is not in the record.

Counsel for appellants in their brief say :

"The question, then, to be determined by the Supreme Court is : Did the circuit court err in overruling the motion to suppress the depositions? The motion was made on account of a defect in the certificate of the officer before whom they were taken, in this, that it is not shown in the caption, certificate or body of said deposition, that the several witnesses ever signed said depositions respectively, or that said depositions were, severally, carefully read over to or by said several witnesses in compliance with the statute."

The statute on the subject of taking and certifying depositions in this State is as follows, 2 R. S. 1876, p. 141 :

" Sec. 255. The deponent shall be first sworn by the officer to testify to the truth, the whole truth, and nothing but the truth, relating to the cause or matter for which the deposition is to be taken ; and he shall then be examined by the party producing him, and then by the adverse party, and by the officer or parties afterwards, if they see cause.

" Sec. 256. The deposition shall be written down by the officer, or by the deponent, or by some disinterested person, in the presence, and under the direction of the officer, and after the same has been carefully read to or by the deponent, it shall be subscribed by him.

" Sec. 257. The officer shall annex a certificate to the deposition, stating the following facts :

" *First.* That the deponent was sworn according to law ;

" *Second.* By whom the deposition was written ; and if written by the deponent, or some disinterested person, that it was written in the presence, and under the direction of the officer ;

" *Third.* Whether or not the adverse party attended ;

" *Fourth.* The time and place of taking the deposition, and the hours between which the same was taken ; and the officer shall sign and attest the certificate, and seal the same, if he have a seal of office.

" Sec. 258. The officer taking the deposition shall seal up the same in a sufficient paper envelope, and direct the same to the clerk of the court in which the action is pending, indorsing on the envelope the names of the parties and of the witnesses whose depositions are enclosed."

The names of the deponents in this case appear to be signed to the depositions.

The certificate in this case follows, omitting the name of the State and county : '

"I, Arnold J. Padgett, a notary public in and for the county and State above named, duly commissioned and

qualified, do hereby certify that the above named John B. Slater" (and the other deponents), " were by me first duly sworn according to law to testify the truth, the whole truth, and nothing but the truth, relating to said cause ; that said depositions were reduced to writing by me ; that the said Fountain B. Guthrie and Silas Guthrie, adverse party herein, did not attend by attorney or in person, and said depositions were taken at the law-office of William Armstrong, attorney at law, in the city of Washington, in the county of Daviess and State of Indiana, on the 24th, 25th, 27th, 28th, 29th, 30th and 31st days of August, 1877, and the 1st day of September, 1877, between the hours of 8 o'clock A. M. and 6 o'clock P. M. of said days.

" In testimony," etc., the proper conclusion following.

This certificate fills the requirements of the statute.

In *Ramsey* v. *Flannagan*, 33 Ind. 306, where objection was made to the certificate to depositions as not being full enough, it was said :

"As the certificate fulfilled the exact requirement of the statute, the court properly overruled the motion for this cause." See *Prather* v. *Pritchard*, 26 Ind. 65.

The judgment is affirmed, with costs.