Filed Feb. 22, 1889.

---

No. 14,045.

## BROWNLEE ET AL. *v.* LOWE ET AL.

CONTRACT.—*Consideration.*—*Railroad.*—*Agreement of Third Persons to Pay Contractors.*—Where, by the terms of the agreement between the contractors for the construction of a railroad and the railroad company, the former are not to proceed with the work until after the company has secured the means necessary to pay therefor, a subsequent contract of third persons, reciting the fact of a deficit in the funds of the company

to a certain amount and their desire for the speedy completion of the road, and engaging to pay to the contractors the deficit, upon certain conditions, if so much remained when the work was completed, is enforceable by the contractors after the work is done and the conditions performed, it being then too late to question the consideration for the agreement; besides, the consideration is sufficient.

SAME.—*Several Liability of Obligors.*—*Satisfaction of Debt.*—Where the deficit is twenty-five thousand dollars and the signers of the contract severally agree to pay the maximum sum of two hundred and fifty dollars, that amount may be collected from individual obligors until the whole debt is satisfied, although the proportion of the obligors as between themselves is less than the stipulated liability of each.

From the Blackford Circuit Court.

*G. W. Harvey, A. E. Steele, C. E. Shipley* and *W. A. Bonham*, for appellants.

*C. Cowgill, H. B. Shively* and *C. E. Cowgill*, for appellees.

MITCHELL, J.—Henry R. Lowe & Co. instituted separate actions against the appellants, twenty-three in number, in the court below, to recover the amount alleged to be due the plaintiffs upon a written contract which was signed by one hundred and sixty-four persons, among whom were the appellants. The actions were afterwards consolidated.

It appears that Lowe & Co. had entered into a written contract with the Frankfort, St. Louis and Toledo Railroad Company, whereby they had agreed to construct and equip a certain portion of its line of road. They were not, however, to commence work until ten days after the railroad company had procured the right of way, and until it had provided, or become possessed of, the means to pay the contractors a certain amount in stock and mortgage bonds, and in addition thereto the sum of $4,000 per mile in cash, or cash assets.

The railroad company was deficient in funds to make the cash payment, and the contractors refused to proceed with the work until the funds were assured. Thereupon the defendants executed the contract sued on, which recites the making of the contract between the railroad company and the contractors, and that there was a deficit of the sum of $25,000

Brownlee *et al. v.* Lowe *et al.*

in the amount necessary to pay the contractors for constructing so much of the road as was embraced by the terms of their contract.

In consideration of the premises, and of their desire for the speedy completion of the railroad, the persons signing the contract agreed to pay Lowe & Co. $25,000, subject to two conditions: The first condition was, that the railroad company fail to pay the amount, in which event each of those whose name appeared on the paper sued on agreed to pay $250, which sum was to be in full payment of the respective shares of each. The second condition was, that one-half the amount was to be paid when a train of cars should be run over the railroad between certain points, and the other half when a train of cars should be run between certain other points. It was further stipulated that in case liability was incurred by the signers of the contract, each was to pay only his proportion of the sum stipulated to be paid, and that in no case should the share of anyone be more than $250.

The complaint contains the necessary averments showing that the conditions upon which the defendants' liability was to attach had all been performed, or had happened. Several judgments were rendered in the court below against all of the defendants, each judgment being for $341.75.

It is now claimed that upon the facts stated in the complaint the contract signed by the appellants was executed without any consideration. This position is not maintainable.

It is said that the contract of appellants to pay Lowe & Co. $25,000 was nothing more than an agreement to pay them for doing that which they were by their contract, previously entered into with the railroad company, already bound to do.

It is undoubtedly true, that a promise without any new consideration of some sort to pay one if he will do that which he is already bound by contract to do, without the promise sued on, is without consideration, and, therefore, void. *La-*

*boyteaux* v. *Swigart,* 103 Ind. 596; *Ritenour* v. *Mathews,* 42 Ind. 7.

It is likewise well settled, that the mere naked promise to pay the already existing debt of another, without a new consideration, is void. *Starr* v. *Earle,* 43 Ind 478.

So, where a note has already been executed by the principal, another who subsequently signs it as surety, without a new and distinct consideration, is not bound. *Favorite* v. *Stidham,* 84 Ind. 423.

None of the cases upon which the appellants rely are, however, applicable to the present case. The consideration which supports the agreement sued on is obvious; it is recited upon the face of the contract that there was a deficit to pay the contractors, which those who signed the contract agreed to pay upon the conditions mentioned. Lowe & Co. were not bound to proceed with the execution of their contract, which required a large outlay of money on their part, until ten days after the railroad company had obtained funds sufficient to assure them of their pay. The contractors were refusing to proceed, as was their right under the contract, because of the deficit.

The appellants then came forward with the agreement, in which they promised to pay to Lowe & Co. the deficiency upon the conditions already mentioned, whereupon the contractors proceeded to construct, equip and put the road in operation according to their agreement. The contractors reserved in their contract with the railroad company the right to withhold the performance of any work until the funds were secured with which to pay them. This was ample security against ultimate loss, because they could not be required to commence work until the company had secured the necessary amount of funds. The contractors were induced to forego this prudential feature of their contract, and to commence the work, in consideration of the direct personal engagement of the appellants to pay the deficit, to the amount of $25,000, if so much should remain when the work was

completed.   It is now too late, after the work has been done and the deficit remains, to say there was no consideration for the agreement.   The first paragraph of the complaint does not state the facts as fully as the second and third, but it is nevertheless sufficient to withstand a demurrer.   *Singer Mfg. Co.* v. *Forsyth,* 108 Ind. 334.

It is contended lastly, that, because of the stipulation in the contract that each of the obligors was to pay only his proportion of the sum stipulated to be paid, the amount of the recovery was too large.

The proportion of each, it is contended, was the one hundred and sixty-fourth part of the whole sum, equal to $152.44, which, with interest, making a total of $203.51, should have been the amount of recovery, if the appellants were liable at all.

It seems clear to us, from a consideration of the whole contract, that the parties themselves stipulated what should constitute the share or proportion of each.   The maximum amount for which all those who signed were to be liable was $25,000, and the maximum liability of each was $250.

The liability was several.   Each one may be held liable for the amount of $250, until the sum of $25,000 is collected or until the whole debt is satisfied.   So long as the unsatisfied amount exceeds the sum for which each obligor agreed to be held, the plaintiff may pursue him, and others bound upon the same instrument, and recover judgments against each to the extent of their several liabilities.   But only one satisfaction can be had, however, of the whole debt.   When that sum is collected the rights of the obligees is exhausted.   *Bank of Brighton* v. *Smith,* 12 Allen, 243.

There was no plea of payment, nor is there anything in the record to show that the contract has been satisfied, either in whole or in part.   There was, therefore, no error.

The judgment is affirmed, with costs.

Filed Feb. 22, 1889.