ANDERSON v. MILLER.

[No. 10,991.  Filed November 29, 1921.]

1. CONTRACTS.—*Statute of Frauds.*—*Written Contracts.*—*Parol Modification.*—A written contract, which might have been made by parol, may be modified by a parol agreement, if the modification is based upon a valuable consideration, and this rule is applicable to written leases for a term not exceeding three years, which, under §7462 Burns 1914, §4904 R. S. 1881, may be by parol.  p. 683.

2. LANDLORD AND TENANT.—*Written Lease.*—*Oral Modification.* —*Consideration.*—*Extension of Term.*—Where a written lease provided that the tenancy might be terminated on a thirty days' notice, an oral agreement to pay an increased rental, in consideration of which tenant's possession was not to be disturbed, the agreement having been made after notice of termination of the tenancy had been given by the landlord, was supported by a sufficient consideration.  p. 683.

3. LANDLORD AND TENANT.—*Written Lease.*—*Oral Modification.* —*Effect.*—Where a written lease of a dwelling provided that the tenancy could be terminated upon thirty days' notice, and such a notice was given, and an oral agreement was made whereby the lessee was to pay an increased monthly rental in consideration of which his possession would not then be disturbed, a finding that when the parties modified the lease, the terms thereof were to, and did, remain the same except as to the amount of rent to be paid, and that lessor was entitled to possession of the premises upon the giving of thirty days' notice, was warranted, as against the contention that by reason of the parol modification of the lease, it became a parol contract for tenancy from year to year entitling tenant to possession for one year from the date that first increased rental was paid. p. 683.

From Allen Circuit Court; *Sol A. Wood*, Judge.

Action. by Katherine Miller against Hans Anderson. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*William Fruechtenicht,* for appellant.

*R. E. Peters,* for appellee.

REMY, J.—On August 1, 1916, appellant and appellee executed a written lease by the terms of which appellee leased to appellant a certain dwelling at a monthly rental of $22.50, payable in advance on the first day of each month.    It was provided in the lease, among other things, that the tenancy might be terminated by either party at any time by giving thirty days written notice.    During the month of April, 1919, appellee, claiming that the rent was inadequate, notified appellant to give possession.    Whereupon it was verbally agreed between them that from and after May 1, 1919, appellant should pay a monthly rental of $25 in consideration of which appellant's possession would not then be disturbed.    On November 10, 1919, appellant having refused to give possession of the leased premises though written notice had been given to him more than thirty days prior to November 1, 1919, this suit was commenced by appellee for possession.    There was a trial by the court, and the facts above set forth were established by the evidence.

The action of the court in overruling appellant's motion for a new trial is the only error assigned.

It is the contention of appellant that by the parol modification of the written lease, the lease became a parol contract for a tenancy from year to year giving appellant a right to the premises for one year from May 1, 1919, and that he could not be dispossessed except upon notice served three months before May 1, 1920.

It is provided by statute in this state that a lease for

a term not exceeding three years may be by parol. Cl. 5, §7462 Burns 1914, §4904 R. S. 1881; *Lowman v. Sheets* (1890), 124 Ind. 416, 24 N. E. 351, 7 L. R. A. 784. Also, it is a rule well established that a written contract which might have been made by parol may be modified by a parol agreement, if the modification is based upon valuable consideration. *Rigsbee v. Bowler* (1861), 17 Ind. 167; *Guthrie v. Carpenter* (1904), 162 Ind. 417, 70 N. E. 486. This rule is applicable to written leases not within the statute of frauds. *Donahoe v. Rich* (1891), 2 Ind. App. 540, 28 N. E. 1001; *Putnam Foundry & Machine Co. v. Canfield* (1904), 25 R. I. 548, 56 Atl. 1033, 1 Ann. Cas. 728. See also, *Hyler v. Humble* (1885), 100 Ind. 38.

It is not contended by appellant that the agreement on his part to pay the increased rental was not based upon a valid consideration. That the consideration was sufficient, see *Hanson v. Hellen* (1886), (Me.) 6 Atl. 837; *Hyman v. Jockey Club, etc., Co.* (1897), 9 Colo. App. 299, 48 Pac. 671.

We hold that under the evidence the court was justified in finding that when the parties modified the lease, the terms thereof were to, and did, remain the same except as to the amount of rent to be paid, and that appellee was entitled to possession of the premises upon the giving of thirty days notice. See *Haines v. Elfman* (1912), 235 Pa. St. 341, 84 Atl. 349; *Taylor v. Winters* (1866), 6 Phila. 126.

The case of *City of Michigan City v. Leeds* (1899), 24 Ind. App. 271, 55 N. E. 799, cited and relied on by appellant is distinguishable from the case at bar, in that the lease there under consideration was for a term of ten years, and therefore within the statute of frauds.

Affirmed.