MARCISZ, ET UX. *v.* OSBORNE.

[No. 18,439. Filed March 30, 1954. Rehearing denied May 14, 1954. Transfer denied June 17, 1954.]

*Walter Nowicki, Edward J. Raskosky* and *George Kohl,* all of Hammond, and *T. R. McConnell* and *Nolin & McConnell,* of Fowler, for appellants.

*Green, Powers & Belshaw,* of Whiting, and *Fraser & Isham,* of Fowler, for appellee.

BOWEN, J.—This is an appeal from a judgment in an action for the foreclosure of a mechanic's lien brought by the appellee against the appellants, husband and wife. The complaint was in two paragraphs, the first being to foreclose the mechanic's lien, and the second for *quantum meruit* for labor and material furnished.

Issues were joined upon appellee's second amended complaint in two paragraphs. The first paragraph alleged that appellee and appellants entered into a written contract for the construction of a certain dwelling house for appellants for the sum of $13,600; that the appellee furnished material and labor which was used in the construction of said dwelling house; that appellants ordered appellee to stop work before the completion of said dwelling house, after the appellants had paid appellee $11,000; that there is still due appellee $2,600 for the reasonable value of the labor and material furnished over and above the $11,000 paid by the appellants. The complaint also asked for attorneys' fees. The second paragraph contained allegations which were substantially the same as the first, and in addition alleged certain extra labor and material were furnished at appellants' request. The prayer was for recovery of $2,758.25 upon the *quantum meruit* for

labor and material furnished, and for other proper relief.

Appellants filed a motion for a bill of particulars requesting that the plaintiff file with his second amended complaint a bill of particulars stating more particularly the items of the cause of action sued on. This was overruled.

To appellee's complaint appellants filed an answer in two paragraphs, the first denying that plaintiff furnished such labor and material and denying any balance due to appellee, and the second denying there was any balance due the appellee.

Trial was had by the court and judgment was rendered in favor of appellee on his first paragraph of complaint seeking foreclosure of the mechanic's lien.

By its decree the court found and ordered that there was due the plaintiff from the defendants on the claim and demand sued on, the sum of $2,600 and that he was entitled to a judgment of foreclosure for such sum.

From this judgment the appellants have prosecuted this appeal. The sole error assigned for reversal is that the court erred in overruling the appellants' motion for a new trial. Grounds of the motion for a new trial are: that the decision of the court is not sustained by sufficient evidence and is contrary to law; that improper evidence was received over appellants' objection in the court below which was not stricken out on motion; that the court erred in overruling appellants' motion for a further bill of particulars as to amended Exhibit B; and that the court erred in overruling appellants' motion to make the first paragraph of the second amended complaint with amended Exhibit B more specific.

The appellants assign as error the introduction of nine exhibits. The objections to such exhibits are

voluminous but the substance of appellants' contention is that the appellee failed to lay a proper foundation for their introduction and that the exhibits, therefore, were not admissible in evidence, in that there was no showing of the death or absence within the reach of the court of the people with personal knowledge relating to the making of the records; that they did not constitute books of original entry and were separate sheets of paper without being a permanent record; that they are hearsay evidence and were not made in the regular course of appellee's business, and violate the best evidence rule and are not part of the *res gestae;* and that the court erred in the admission of such parol or documentary evidence over objection, and in the failure to strike the same after its admission.

It has been held that a witness may, for the purpose of refreshing his memory, refer to memoranda made by him at the time. *Trustees of Wabash & Erie Canal* v. *Bledsoe* (1854), 5 Ind. 133; *Prather* v. *Pritchard* (1866), 26 Ind. 65; *Sage* v. *State* (1891), 127 Ind. 15, 26 N. E. 667; *Cleveland, etc., R. Co.* v. *Woodbury Glass Co.* (1923), 80 Ind. App. 298, 120 N. E. 426; *Ellis* v. *Baird,* 31 Ind. App. 295, 67 N. E. 960.

Appellants claim that the trial court erroneously permitted the plaintiff to refresh his recollection using Exhibit 25-A and that a proper foundation was not laid for the introduction of such exhibit. We believe that the action of the lower court comes within the rule of *Federal Union Surety Co.* v. *Indiana, etc., Mfg. Co.* (1911), 176 Ind. 328, 95 N. E. 1104. In Crumpacker, Indiana Evidence, §§2269-70, p. 525, this case is summarized as follows:

"In an action for the price of lumber sold, a hauler for plaintiff testified that he delivered a

number of loads to the contractor, that in some instances he examined the original slips to see if the load contained the lumber described in the slip, but usually the contractor or his foreman checked the slip as the lumber was unloaded. He was then handed a slip of a certain number, and asked if he remembered delivering a load of lumber represented by the slip, and answered in the affirmative. Held, that the court properly permitted him to refer to the slip to refresh his recollection, and then to state the number of pieces and dimensions and kinds of lumber he unloaded from the wagon on that date, over an objection that the witness did not make the slip or verify the same, and was not present when it was made."

See also *Kendall Lumber & Coal Co.* v. *Roman* (1950), 120 Ind. App. 368, 91 N. E. 2d 187.

Without unduly extending this opinion to set forth all of the voluminous invoices, bills, receipts and statements which were entered in the records in appellee's business in the regular course of business, and certain exhibits which were used merely for the purpose of refreshing the witness' memory, some of which may have been in themselves technically inadmissible, clearly there was prima facie proof made sufficient to justify the decision of the trial court, and the appellants herein were silent in the court below when the opportunity to rebut such evidence was presented. *State, ex rel.* v. *Central States Bridge Co.* (1912), 49 Ind. App. 544, 97 N. E. 803.

It appears to this court from a full consideration of the entire record in this case that the exhibits in question, the admission of which the appellants assign as error, were merely corroborative of direct evidence given by the appellee as to the furnishing of materials and the performance of labor in the construction of the property in question, and that the record is replete

with direct testimony of the facts contained in the documents.

It appears to this court that there is competent evidence of probative value to sustain the trial court's decision, and the exactitude insisted upon by counsel for appellants with reference to the technical rules of evidence as to the admission of such exhibits, considered in the light of the direct evidence as to the furnishing of material and labor as shown by the testimony of the appellee refreshing his memory from the exhibits in question, would amount to the establishment of rules of proof of absolute technical perfection above and beyond any reasonable standard of proof requirements, and would be wholly impracticable of application to the degree insisted upon in establishing that certain individual items of labor and material were furnished and labor performed under the circumstances shown by the record.

The appellants assign additional error in the court's action in overruling appellants' motion for a further bill of particulars and in overruling appellants' motion to make the second amended complaint more specific. Rulings on motions to make more specific are largely within the discretion of the trial court and its action will be upheld on appeal unless it appears that the trial court has abused its discretion and the complaining party has been harmed. *Cleveland, etc., R. Co.* v. *Wolf, Admr.* (1920), 189 Ind. 585, 128 N. E. 38, 128 N. E. 695; *Haskell, etc., Car Co.* v. *Trzop* (1920), 190 Ind. 35, 128 N. E. 401; *Lake Co. Agrl. Society* v. *Verplank* (1919), 71 Ind. App. 186, 124 N. E. 494.

The appellants rely on the case of *Stephenson* v. *Ballard* (1875), 50 Ind. 176, in which there was an absence of a bill of particulars in connection with a suit to en-

force a mechanic's lien. The facts of this case are entirely different from the facts in the case at bar where it appears that a bill of particulars was included in Exhibits B, D-1 and D-2 of the second amended complaint and thereafter an amended Exhibit B to the second amended complaint was filed. This court cannot say that the trial court abused its discretion in overruling appellants' motion for a further bill of particulars and to make the amended complaint more specific.

The appellants also assert error in the allowance to appellee for a supervisory labor charge and contend that such allowance was excessive in the light of the record. The appellants charge in their brief that a ten per cent charge for supervisory labor was included in the court below and that the same is not justified by statute or common law. According to the record the appellee performed ordinary manual labor such as the laying of brick in the construction of the dwelling house, and in addition thereto he performed supervisory labor. It is generally held that enforcement of a claim for supervisory labor in the construction of property is permitted under mechanic's lien statutes in most jurisdictions, 60 A. L. R. 1274, and Indiana follows the majority rule in this regard. *Mann* v. *Schnarr* (1950), 228 Ind. 654, 95 N. E. 2d 138. The reasoning of the court in the foregoing case is that "one who labors with body or mind, or both, is a laborer" and held that an architect who drew plans and specifications and did supervision of the construction was a laborer under the lien statute. In the case of *Mann* v. *Schnarr, supra,* a ten per cent supervisory charge was specifically called for in the contract. In the instant case there was testimony to the effect that a ten per cent supervisory charge was reasonable and

proper. Since, under the Indiana law, such supervisory charge is lienable, and since the evidence shows the services were rendered, it does not appear to the court that the recovery allowed for the supervisory amount in the instant case was improper, unfair or unreasonable.

It seems clear from the record, and the briefs of the parties submitted herein, that a fair trial was had and a just result was reached on the law and the evidence, and it does not appear there is reversible error.

The judgment is affirmed.

NOTE.—Reported in 118 N. E. 2d 378.