### SHANKS ET AL. *v.* FISHER

[No. 18,521. Filed December 2, 1955. Rehearing denied January 16, 1956. Transfer denied April 10, 1956.]

*Robison & Robison, Harker & Irwin,* all of Frankfort, *Roberts & Roberts* and *Christian, Waltz & Klotz,* all of Noblesville, for appellants.

*Garrison & Castor, Neal & Neal,* all of Noblesville, and *John L. Downing* and *Frank S. Pryor,* both of Frankfort, for appellee.

KELLEY, J.—Prior to the rendition of the original opinion in this cause (which said opinion appears in 130 N. E. 2d at page 231), by writ of certiorari, the record of the trial court's finding No. 6, referred to in said opinion, as the same was certified to by the Clerk of the trial court, was corrected nunc pro tunc. Such correction was not called to our attention and we were unaware thereof until the filing herein of appellee's petition for a rehearing. It appears that such correction requires changes in certain of the figures and wording of said opinion but does not alter the conclusion therein arrived at.

IT IS THEREFORE ORDERED, that the original opinion rendered by this court, be and the same is hereby withdrawn and on the petition for rehearing the following opinion is now substituted therefor, to-wit:

Appellee commenced this action by filing a complaint, afterward amended, in which amended complaint he alleged, in substance, that on May 9, 1950, appellee and appellants entered into a certain written contract by the terms of which appellee agreed to erect for appellants a dwelling house on certain described real estate owned by them at a total cost not to exceed the sum of $42,000.00; that thereafter on or about November 1, 1950, the parties entered into a supplemental parol agreement whereby appellants agreed to pay appellee for additional cost of construction and would likewise pay for extra construction and equipment not provided for in said written agreement upon the submission to them by appellee of an itemized statement thereof; that appellee, pursuant to said written and supplemental parol contracts, furnished all the material and labor in the construction of said building which was completed on August 1, 1951; that appellee had done and performed all the conditions of said contract and supplemental parol agreement on his part to be performed and did at all times submit to appellants itemized statements of labor and material, which said statements were approved by appellants; that appellants had paid the sum of $52,000.00 and appellee had demanded of them the payment of the balance due him in the alleged sum of $18,669.62 which appellants failed and refused to pay. The amended complaint further alleged the filing by appellee on August 31, 1951, of a notice of his intention to hold a mechanic's lien on appellants' real estate and the recording of the same. Prayer of the complaint was for judgment against appellants for $25,000.00 and that the mechanic's lien be foreclosed with attorney fees and all other proper relief.

Appellants answered the amended complaint by denial and by admission of the execution by them of the writ-

ten contract and the filing and recording of appellee's mechanic's lien notice but that the notice was ineffective in that the amount claimed therein was for a builder's commission to which appellee was not entitled. The answer further asserted that appellee was indebted to appellants in the approximate amount of $20,000.00, that appellee was not entitled to anything under "the pleading", and not entitled to a foreclosure of the mechanic's lien.

In addition, appellants filed what they term a "cross-complaint" in two paragraphs. The first paragraph alleged that appellee was indebted to them in the sum of $19,885.94 for money had and received, together with interest thereon. The second paragraph alleged the making of the written contract alleged in appellee's amended complaint and that appellee agreed therein that the total cost of the construction of such building, including material, labor, and builder's percentage, should not exceed the sum of $42,000.00; that when the aggregated amounts paid out by appellants had reached the sum of $42,000.00, the appellee had not performed said contract and that the building and improvements had not been made according to the specifications; that appellants loaned to appellee the sum of $10,000.00 which sum was in addition to the cost limitation provided in said contract; that appellee had refused and failed to pay for labor and material in building said house and mechanic's liens were filed against appellants' property, which appellants were compelled to pay in addition to said loan to appellee, that upon such accounts the appellee became indebted to appellants in the sum of $19,885.94; that appellants made written demand upon appellee to carry out said contract and discharge said indebtedness; wherefore appellants prayed judgment against appellee for $25,-

000.00. Appellee filed answer in denial of the allegations of said cross-complaint.

The issues so joined were submitted for trial to the court, without jury. The court made and entered special findings of fact and conclusions of law pursuant to the request of appellants therefor. This appeal is from the judgment for appellee hereinafter referred to.

The court made thirteen findings of fact and stated three conclusions of law. The findings, in substance, are as follows:

(1). That on May 9, 1950 the appellants were and ever since have been the owners, as tenants by, the entireties, of the described real estate (on which the house was built).

(2). That on May 9, 1950, the appellee and appellant, Ray W. Shank, "in behalf of himself and wife", entered into a written contract . . . A copy of the written contract is then set forth verbatim.

(3). That thereafter appellee began construction of the building and continued such construction from that time until the dwelling was completed.

(4). That on or about November 1, 1950, appellee informed appellants that due to unforeseen price increases on material and on account of extra construction and equipment not provided for in said contract, the cost of the construction of the said dwelling would be greater, whereupon said appellants directed appellee to continue said construction, to submit current statements of the cost of labor and material and that they would pay the same.

(5). That during the period of construction, the appellants paid the appellee the following amounts: (Here follows a schedule of payments totalling $52,895.25.)

(6). That the total cost of said dwelling and other work and labor performed and mate-

rials furnished by appellee was $67,836.87 and that appellee is entitled to recover an additional 5% as a contractor's fee which sum amounts to $3,391.34, making a total cost of $71,228.71.

(7). That in the course of said construction, appellee incurred indebtedness for material and labor used in the premises in the sum of $9,885.94, $8,885.94 has been paid by appellants and $1,000.00 of which amount appellants are entitled to credit.

(8). That the extra charges and items of material and labor furnished by appellee at the instance and request of appellants which were not included in the written contract and blueprints and for which appellee is entitled to charge appellants, are as follows: (Here follows an itemized list of 103 of the various items and the allowances made therefor by the court totalling $19,127.45).

(9). That pursuant to said written contract and supplemental parol agreement on or about November 4, 1950, appellee furnished all the material and labor in the construction of said building and the repair of said tenant house and did at all times submit itemized statements of labor and material to appellants, which said statements were approved by appellants.

(10). That on August 31, 1951, appellee filed a notice of his intention to hold a mechanic's lien on said real estate in the sum of $18,-435.36, which said lien was recorded in the Recorder's Office of Hamilton County, Indiana, in Miscellaneous Record 40, at page 414.

(11). That a reasonable fee for appellee's attorney is $1,370.00.

(12). That appellee is entitled to recover of and from appellants the sum of $8,447.52, the further sum of $1,370.00 attorney's fees and interest at the rate of 6% per annum from the 1st day of March, 1952, and the costs of this action.

(13). That appellee is entitled to a foreclosure of his mechanic's lien and the real estate to be sold by the Sheriff of Hamilton County as real estate is sold on execution to satisfy said lien, attorney fees, and costs.

The conclusions of law stated by the court were, in substance:

1. The law is with the appellee.
2. Appellants are not entitled to recover anything upon their cross-complaint or counter claim.
3. Appellee is entitled to recover of and from appellants upon his amended complaint, the sum of $9,817.52, including attorney fees, together with interest at the rate of 6% from March 1, 1952, together with costs, and he is entitled to a foreclosure of the mechanic's lien filed herein and the real estate described in the complaint shall be sold, etc., and the proceeds therefrom applied to payment of appellee's judgment and costs.

Appellants' motion for a new trial was overruled and the court entered judgment for appellee in the sum of $8,447.52 together with attorney's fees in the sum of $1,370.00 "making a total of $9,817.52" together with interest at 6% from October 17, 1953; that appellee's mechanic's lien be foreclosed and the real estate sold and the proceeds applied to payment of appellee's claim, attorney fees and costs, and the balance, if any, be paid to appellants. Costs taxed to appellants.

Grounds of appellants' motion for a new trial are that the finding of the court is not sustained by sufficient evidence and is contrary to law; that each of special findings numbered 3 to 10, inclusive, and findings numbered 12 and 13, respectively, is not sustained by sufficient evidence and is contrary to law; and that the court erred in the assessment of the amount of recovery, the same being too large.

Errors assigned for reversal and intended to be urged are that the court erred in each of its conclusions of law numbered 1, 2 and 3, and that the court erred in overruling the motion for a new trial.

Appellants assert, in support of this contention of error in conclusions of law numbered 1 and 3, that there was no consideration proved or found for the alleged parol agreement. This proposal merits serious consideration.

The evidence tends to show, and the court, by finding number 8, found that the extra items of labor and material itemized in said finding were not included in the written contract and blue prints, and were furnished by appellee at the instance and request of appellants; and by finding number 9 the court found that pursuant to the supplemental parol agreement appellee submitted to appellants itemized statements of the labor and material which statements were approved by the latter. The furnishing of the extra material and labor by a builder in connection with the contract and at the request of the owner is a sufficient consideration for the owner's agreement to pay additional compensation. 9 C. J. *Building and Construction Contracts,* Sec. 53, Note 9, page 719; 17 C. J. S., *Contracts,* Sec. 364, Note 29, page 822; *Duncan and Others* v. *The Board of Commissioners of Miami County and Others* (1862), 19 Ind. 154.

By its finding number 6, the court found that the total cost of the dwelling and other work and labor performed and materials furnished by appellee was $67,836.87. By adding the maximum construction cost of $42,000.00 provided by the written contract and the total cost of $19,127.45 for extra material and labor as found by the court in finding number 8, we arrive at a total construction cost of $61,127.45. The differ-

ence, then, between the total cost of $67,836.87, found by the court in said finding number 6, and said amount of $61,127.45, being the total of the written contract price and the extras, is $6,709.42 which represents the increased cost of construction due to the unforeseen price increases of material as found by the court in its finding number 4. The present inquiry is whether the evidence discloses any consideration to support the alleged supplemental parol agreement of appellants to pay for such increased cost of construction.

The record discloses that appellee began his work of construction of said dwelling immediately after the signing of the parties of the written contract on May 9, 1950, as found by finding number 2. While the work was in progress, and about November 4, 1951, appellee gave appellant, Ray Shank, a statement "up to date" and "it ran over forty-five thousand dollars." Appellee then told said appellant that he "didn't know how much more it would cost for the material" and how many extras appellant wanted. Said appellant then said he was trying to "get the bank to loan him enough to finish it", that he (appellant) wanted the house built well, regardless of the cost, and he was expecting to build it for forty-five thousand but "since it was running over" he would have to obtain a loan to finish the construction.

It does not appear that appellee upon discovery of the increased cost of materials, refused to go on with the work, or that he had determined to abandon the work and notified appellants of such determination, or that he at any time proposed to cease operations, and that because of such refusal, notice, or proposal the appellants agreed with appellee to continue the work for a compensation different from that originally agreed upon in the written contract. At the time of the alleged parol

agreement the contract was not executory but was executed in part and in the process of continued execution, and, as appears from the court's finding number 5, the appellants had then paid appellee, in cash, the sum of $35,000.00.

The rights and obligations of the parties were fixed by the written contract and any promise by appellants to pay appellee extra for doing what the contract bound him to do would lack a consideration, unless special circumstances would take the case out of the general rule, as were apparent in *Mills and Others* v. *Riley* (1855), 7 Ind. 137; *Coyner* v. *Lynde and Another* (1858), 10 Ind. 282; *Brownlee, et al.* v. *Lowe, et al.* (1888), 117 Ind. 420, 20 N. E. 301; and *Sargent, et al.* v. *Robertson* (1897), 17 Ind. App. 411, 46 N. E. 925. The facts apparent here show no such special circumstances and are not widely dissimilar to those found in *Leggett* v. *Vinson* (1929), 155 Miss. 411, 124 So. 472. It is acknowledged that the courts are not in agreement on the question. See the annotations in 25 A. L. R. 1450, 1456, 55 A. L. R. 1333, 138 A. L. R. 136. However, the cases of *Wendling* v. *Snyder, et al.* (1903), 30 Ind. App. 330, 65 N. E. 1041; *Brownlee, et al.* v. *Lowe, et al., supra,* are quite definite as to the rule favored in Indiana.

The alleged oral promise of appellants to pay appellee the increased cost of construction was, we think, without consideration and, therefore, void. It follows that the finding of the court that appellee is entitled to recover of appellants the increased cost of construction amounting, as we have shown, to the sum of $6,709.42 is not sustained by the evidence and is contrary to law and the conclusion of law and judgment predicated thereon are erroneous.

We think the court also erred in authorizing a recovery by appellee of a 5% contractor's fee on the total cost of construction, found by the court in finding number 6 to be $67,836.87. By the terms of the written contract the total cost was not to exceed the sum of $42,000.00 which included the "builders percentage" of "five percent (5%)." However, we think appellee was also entitled to a 5% builder's fee on the amount of the extras, found by the court to be $19,-127.45. *Marcisz, et ux.* v. *Osborne* (1954), 124 Ind. App. 574, 580, 118 N. E. 2d 378. Thus computed, the appellee would be entitled to recover a contractor's fee of $956.37. Therefore, the finding of the court, finding number 6, that appellee is entitled to recover a contractor's fee of $3,391.84 is not sustained by the evidence, and is contrary to law, and the legal conclusion and judgment of the court, based on such finding, are erroneous.

We have already determined, the limit of construction cost of $42,000.00, as provided for in said written contract was not modified or changed by any valid agreement of the parties, written or parol. The cost of construction, then, to which appellee was entitled was $42,000.00. As we have shown, appellants were obligated to pay appellee the amount of the extras found by the court, to-wit: $19,127.45. The appellee was entitled, as we have found, to a 5% contractor's fee on the amount of the extras, said fee being $956.37. Adding the several amounts to which appellee was entitled, we arrive at a total of $62,083.82.

By its finding number 5, the court found that appellants had paid appellee the sum of $52,895.25 and, by its finding number 7, it found that appellants had paid out on appellee's incurred indebtedness the sum of $9,885.94, to which appellants were entitled to credit.

Adding these two amounts, as found by the court, appellants have paid to appellee, directly and on his incurred indebtedness, the sum of $62,781.19. It is apparent, therefore, that appellants have overpaid on their contract with appellee in the amount of $697.37. It follows that upon the record and findings of the court before us, the appellee was not entitled to recover of appellants in any amount. It follows, also, that appellee was not entitled to a mechanic's lien on or a judgment of foreclosure of the same against appellants' real estate.

Other questions have been presented by appellants, but by reason of the conclusion reached herein it is unnecessary to consider them.

Judgment reversed, with instructions to sustain appellants' motion for a new trial, and for further proceedings not inconsistent herewith.

Appellee's petition for rehearing is denied.

NOTE.—Reported in 130 N. E. 2d 231.