SEASTROM, INC., SEASTROM RENTALS, ROBERT M. SEASTROM AND JANE B. SEASTROM, D/B/A SEASTROM RENTALS, ROBERT M. SEASTROM AND JANE B. SEASTROM *v.* AMICK CONSTRUCTION CO., INC.

[No. 1-173A14 Filed August 21, 1974. Rehearing denied September 24, 1974. Transfer denied April 23, 1975.]

*J. B. King, Theodore R. Boehm, Rory O'Bryan,* of Indianapolis, for appellants.

*Vance M. Waggoner,* of Rushville, *Arch N. Bobbitt,* of Indianapolis, *Eugene B. Burns,* of Lebanon, for appellee.

ROBERTSON, P.J.—Defendant-appellant Seastrom appeals from an award of $56,202.98 to plaintiff-appellee Amick as a rebate of rental payments.

The essence of the primary issue raised by Seastrom is that the evidence is insufficient to support the judgment. We agree and accordingly reverse.

The facts show that Amick, a highway construction contractor, could not obtain asphalt at a profitable price. He approached Seastrom, who was in the heavy equipment leasing and selling business, about obtaining an asphalt plant. Amick and Seastrom met with a representative of an Iowa company which manufactured asphalt plants. Amick later orally ordered the equipment from Seastrom who, in turn, notified the Iowa company to begin manufacturing the equipment.

On June 8, 1964, Amick executed a 30 day note to Seastrom for $220,337.00, the purchase price of the plant. At this point Amick was undecided on leasing or purchasing. According to the testimony, however, both parties agreed that Amick needed the plant quickly. On July 8, when the first note became due, Amick executed a 60 day note for the same amount.

In the meantime, Amick located a source of asphalt at a reasonable price.

When the 60 day note became due Amick signed a lease agreement for the asphalt plant calling for 83 monthly payments at $2,570.59 and a final balloon payment of $92,542.22. Amick was to specify time and place of delivery for the asphalt plant.

Seastrom then assigned the lease to an Indianapolis Bank.

After making the first payment Amick was advised that the asphalt plant was completed and ready for delivery.

Although making the next 21 monthly payments Amick never requested delivery of the plant. Amick defaulted on the 23rd payment. After Seastrom refused to return the rental payments Amick brought suit against Seastrom alleging unjust enrichment, breach of contract, and conspiracy to defraud.

After a bench trial the trial court rendered a general judgment for Amick in the sum of $56,202.98.

Our review of Seastrom's contention that the evidence is insufficient to support a recovery on any theory reduces itself to a question of whether the parties were exclusively bound by the written lease. If so, the evidence does not support the judgment because Amick was the breaching party under the terms of that agreement.

Amick's argument is that the written contract did not constitute the entire agreement because evidence was heard which would allow the trial court to find a modification of the lease agreement. Amick relies upon his testimony that he told Seastrom the plant was no longer needed. Seastrom told him to continue making the payments and if another buyer could be found Amick would get his money back.

Amick argues that this became a part of the agreement between the parties and Seastrom's failure to find a buyer constitutes a breach of the agreement thereby entitling him to a rebate of the lease payments.

Because Amick was uncertain when Seastrom's statement about another buyer was made, either before or after the lease was executed, we must consider both possibilities for different rules apply to each.

The written lease agreement contains no mention of a rebate to Amick. Thus, the alleged agreement would contradict the terms of the writing. The parol evidence rule bars admission of evidence regarding the agreement if it was made prior to execution of the lease unless it fell into one of the recognized exceptions to the rule.

"Where parties enter into a written agreement their rights must be controlled thereby, and, in the absence of fraud

or mistake, evidence of prior or contemporaneous collateral agreements on the same subject matter, varying, modifying, or contradicting the written agreement, is inadmissible. Thus, it has been stated that a written instrument governs, and evidence of prior negotiations, and evidence of such matters as prior expectations and conversations, cannot be allowed to alter its terms." 13 I.L.E. Evidence § 211, pp. 85-86. *See also: American United Life Insurance Co.* v. *Peffley* (1973), 158 Ind. App. 29, 301 N.E.2d 657; *Hauck* v. *Second National Bank of Richmond* (1972), 153 Ind. App. 245, 286 N.E.2d 852; *Vernon Fire and Casualty Insurance Co.* v. *Thatcher* (1972), 152 Ind. App. 692, 285 N.E.2d 660.

There is an absence of evidence from which any of the foregoing exceptions can be found or inferred. This being the case testimony regarding Seastrom's agreement is not admissible if it was made prior to the execution of the lease.

It should be noted that for reasons not reflected in the record Seastrom made no objection based on the parol evidence rule to the admission of Amick's statements. We believe Indiana law is that the parol evidence rule is one of substantive law which prohibits this court from considering that evidence even though it was admitted at the trial. *Vernon Fire and Casualty Insurance Co.* v. *Thatcher, supra; Denham* v. *Degymas* (1958), 237 Ind. 666, 147 N.E.2d 214; 4 *Williston on Contracts,* 3d Ed., § 631, pp. 956-963.

Turning to the other possibility, an agreement subsequent to the execution of the lease, any such modification must be supported by a new and distinct consideration. 6 I.L.E. Contracts § 192, pp. 220-21. *Hyler* v. *Humble* (1884), 100 Ind. 38; *Anderson* v. *Miller* (1921), 76 Ind. App. 681, 133 N.E. 29; *Shanks* v. *Fisher* (1956), 126 Ind. App. 402, 130 N.E.2d 231. The testimony shows Amick doing no more than he was obligated to do under the lease terms—making monthly payments.

Therefore, the alleged agreement should not have been considered by the trial judge if it was made prior to the writ-

ten lease and a lack of consideration would prevent its operation as a subsequent and valid modification.

We find that reversible error exists herein if for no other reason than the admission of evidence barred by the parol evidence rule.

Reversed and remanded for a new trial.

Judgment reversed and remanded.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 315 N.E.2d 431.