CAMPBELL *v.* GATES.

Ordinarily, a surety is liable to the creditor in the same manner, and to the same extent, as the principal debtor; but the surety may set up in defense any matter which ought, in equity, to go to his personal exoneration.

There is no valid reason why the engagement of a surety may not be founded upon a consideration variant from that which induced his principal to execute the agreement; and if such consideration be a condition subsequent, to be performed by the creditor, his failure to perform it would operate as a fraud upon the surety, and release him from all liability upon his engagement.

It is plainly competent for the surety to set up and prove such failure of consideration, because such defense is not in conflict with the legal effect of the contract.

*Friday,
November 29.*    APPEAL from the *Union* Circuit Court.

DAVISON, J.—The appellant, who was the plaintiff, sued *Adam Gates* and *John Gates*, upon a promissory note, for the payment of $300. The note is dated *April* 16, 1857, and was payable on *December* 25, 1858, to one *Benjamin F. Strong*, who indorsed it to one *Deary Bowers*, who, without indorsement, assigned it to the plaintiff. *Adam Gates* was defaulted. The other defendant, *John Gates*, answered the complaint. His answer says, that he executed the note as the surety of *Adam Gates;* that at the time of its execution he was, also, the surety of said *Adam* upon another note for $233, payable to one *John Honeyman*, and that *Strong*, the payee, when the note in suit was given, promised this defendant, in consideration that he would execute the same as surety, that he, *Strong*, would release him, defendant, or procure his release, from all liability on the note to *Honeyman*. It is averred that *Strong*, notwithstanding his promise, has failed and refused to release the defendant, or to cause his release, from such liability. And that since he became surety on the note given to *Strong*, *Honeyman* has recovered a judgment on the note given to him, against this defendant, which he has been compelled to pay, &c. To this answer, the plaintiff demurred; but his demurrer was overruled. And thereupon he replied, that before he fully purchased

said note, he called on the defendant and informed him of his intention to purchase it, and inquired of him if the note was valid, and if there were any set-offs against it; and further asked the defendant to execute to him, plaintiff, one note for $220, and another note, for the residue thereof, to one *Deary Bowers*; but the defendant, although he refused to execute the new notes as requested, stated to the plaintiff that he had no set-off against the note, and that the same was valid; and the plaintiff, relying on said statement, purchased the entire interest in the note, wherefore, &c. The issues were submitted to a jury, who found for the defendant; and the Court, having refused a new trial, rendered judgment, &c. The causes for a new trial are thus assigned: 1. The verdict is contrary to law and evidence. 2. The charges asked by the defendant, marked Nos. 1 and 2, and given by the Court, are erroneous. 3. The Court erred in overruling the demurrer to the answer.

The charges referred to are as follows: 1. "The plaintiff having admitted the facts stated in the answer of *John Gates*, before he would be entitled to recover of *John Gates*, you should believe from the evidence that said *Gates* said or did something, to induce the plaintiff to purchase the note." 2. "If you believe that *Gates* said enough, in the conversation alluded to by *Elias Jarret*, to put the plaintiff on his guard, and require him to make further inquiry in regard to any defense that *Gates* might have to said note, you should find for the defendant." As the evidence is not in the record, we are unable to say whether these instructions are, or not, applicable to the case made by the proof. Nor can it be said that they are inconsistent with the issues made in the cause. We are not, therefore, authorized to adjudge them erroneous.

As has been seen, the answer to which the demurrer was overruled, sets up a contract between the payee of the note and the defendant, whereby the former, in consideration that the latter would become surety on the note, promised to release him, or procure his release, from certain liabilities to *John Honeyman*. This contract, it seems, was made at the time the note was executed; but was not reduced to writing.

Nov. Term, 1861.

THE OHIO AND MISSISSIPPI RAILROAD Co. v. HUCKLE-BERRY.

Hence it is argued that the contract, thus made, is not operative as a defense to the action, because it conflicts with the legal effect of the note. We are not inclined to adopt that construction. Ordinarily, a surety is liable to the creditor in the same manner, and to the same extent, as the principal debtor. But as an exception to this rule, the surety is allowed to set up in defense, any matters which ought, in equity, to go to his personal exoneration. Mr. *Burge* says: "If the contract of suretyship is, as between the creditor and the surety, subject to a condition, the surety is discharged if the condition be not performed." Burge on Suretyship, pp. 115, 116. Indeed, we perceive no valid reason why the engagement of the surety, who, as such, executes a written contract, may not be founded upon a consideration variant from that which induced its execution by his principal. And if, as in the case at bar, such consideration be a condition subsequent, to be performed by the creditor, his failure to perform it would evidently operate as a fraud upon the surety, and, upon that ground, release him from all liability upon his engagement. 2 Am. Lead. Cases, p. 262; *Pidcock* v. *Bishop*, 3 B. & C. 197. And it is plainly competent for the surety to set up and prove such failure of consideration, because it has been often adjudged that such defense is not in conflict with the legal effect of the contract. If these positions are correct, and we think they are, the Court, in overruling the demurrer, committed no error.

*Per Curiam.*—The judgment is affirmed, with costs.

*Jno. F. Reid* and *J. F. Gardner*, for the appellant.

*B. F. Claypool* and *N. G. Trusler*, for the appellee.