LUCAS COUNTY v. ROBERTS ET AL.

1. Surety: RELEASE OF: LACHES OF PRINCIPAL. If a party to whom a bond has been executed for the faithful performance of certain work shall pay the principal on the bond for the work, before ascertaining whether he may be subjected to the payment of liens for material or labor, he cannot recover from the sureties for an amount he may be compelled to pay to discharge such liens.

*Appeal from Lucas District Court.*

WEDNESDAY, SEPTEMBER 18.

THE petition contains two counts. In the first it is stated that the defendant Roberts entered into a contract with the plaintiff whereby he agreed to construct new north and south fronts to the court-house in said county, according to certain specifications, for the sum of seven hundred dollars; that for the faithful performance of the contract he executed a bond,

which is made a part of the petition, and which was signed by the other defendants as his sureties; that on the completion of the contract the plaintiff paid Roberts five hundred dollars, "with which to pay all sub-contractors for work and labor performed by them, and lumber and material furnished him in making said repairs, and afterward on the representations of the contractor that all sub-contractors had been paid, and that there were no outstanding claims of any kind or nature for work performed or material furnished him on said work, plaintiff paid him two hundred dollars, the balance" due, "whereas in truth and in fact he used large amounts of said money for other purposes, and had left bills for material so furnished unpaid, * * * all of which was unknown to plaintiff;" that certain mechanic's liens were filed against the building which the plaintiff subsequently paid, and this action is brought to recover the sums so paid.

The second count is in all respects like the first, except in certain particulars which in no manner affect the point determined in the opinion.

The defendant, Roberts, made default, and judgment was rendered against him. The sureties demurred to the petition, which, being overruled, they appeal.

*Mitchell & Penick*, for appellants.

*Dungan & Crane*, for appellee.

SEEVERS, J.—A recovery is sought against the sureties on the bond, which is conditioned as follows: "Now if said Roberts shall proceed and complete said contract in accordance with the terms thereof, and to the satisfaction of the board of supervisors of said Lucas county, Iowa, without loss or damage to said Lucas county, then this bond to be void."

1. SURETY: release of: laches of principal.

The contract required Roberts to "build or repair the north and south fronts of the court-house in accordance with the

Lucas County v. Roberts.

specifications, * * * to the satisfaction and acceptance of the board of supervisors, * * " and the county agreed to pay the contract price on completion of the work.

It seems to be conceded by counsel that a mechanic's lien may be lawfully established against a public building, and for the purposes of this case this will be assumed.

It is quite clear that the failure of Roberts to pay for the materials used in making the improvement constitutes the basis on which the recovery is sought. It may admit of doubt whether such failure is within the terms of the bond, but conceding such to be the case we have for determination the question whether the plaintiff has so acted as to release the sureties. The contract only required the plaintiff to pay for the work when it was completed. This the sureties knew, and accordingly signed the bond. Waiving the question whether the payment made in advance had the effect to release the sureties, we find that at the time final payment was made the plaintiff paid Roberts more than was sufficient to discharge all claims which were subsequently paid by the plaintiff to the holders of the liens.

Conceding such liens could be lawfully established, the plaintiff was bound to so know, and the time within which they must be filed, and as it was possessed of sufficient funds to protect itself and the sureties it was bound to hold and so apply them. The sureties had the right to expect, and good faith required, the plaintiff to hold the funds until the debts contracted by Roberts, which could be established as liens, were paid, or the time for filing the same had expired. Failing to take this course, but having negligently or carelessly paid the money to Roberts, the defendant should not be called upon to reimburse the plaintiff because of such negligence.

This case comes within the well established principle which requires a creditor who has an obligation signed by a principal and surety, and who has also a collateral security from the principal to appropriate the avails of the security to the payment of the debt, and if he surrenders the security without

the knowledge of the surety the latter is discharged either wholly or to the extent of the security surrendered. *N. H. Savings Bank v. Colcord*, 15 N. H., 119; *Baker v. Briggs*, 8 Pick., 122; *Chambers v. Cochran et al.*, 18 Iowa, 159.

REVERSED.