## Guthrie v. Carpenter et al.

[No. 20,224.    Filed April 1, 1904.]

Pleading.—*Exhibits.*—*Harmless Error.*—A ruling in an action on a building contract requiring plaintiff to file with his complaint the plans of the building was harmless, if erroneous, and did not amount to reversible error. *p. 420.*

Appeal and Error.—*Improper Exhibits Attached to Pleading.*—*Remedy.*— An objection to the ruling of the court in requiring plaintiff, in an action on a building contract, to file with his complaint the plans of the building, on the ground that the jury were thereby enabled to take the plans to their room, thus giving them undue influence as a part of the evidence, will not be considered on appeal, where no motion was made

Guthrie *v.* Carpenter.

to detach the objectionable paper from the complaint and to exclude it from the pleadings to be delivered to the jury. *p. 420.*

CONTRACTS.—*Alteration.*—*Release of Surety.*—Where a building contract provided that all bills for materials and labor should be paid by the owner to the persons holding such claims, and only the residue be paid the contractor, the payment of the whole of the contract price directly to the contractor, without the knowledge or consent of the surety on the bond of such contractor, worked a release of the surety. *pp. 420–422.*

SAME.—*Delay in Completion of House.*—*Defense.*—In an action for damages for delay in completing a building, an answer that the contractor delayed the work at the request of plaintiff stated a sufficient excuse for not finishing the work within the contract limit. *p. 422.*

SAME. — *Building Contracts.* — *Changes in Plan of Building.* — A change in the construction of a building, made by the direction of the supervising architect employed by the owner and at the time acting as his agent, was binding on the owner. *p. 422.*

APPEAL AND ERROR.—*Harmless Error.*—Where in an action on a building contract it was shown by the answers to interrogatories that the jury allowed defendant nothing for extra work pleaded as a set-off, the plaintiff was not harmed by the action of the court in overruling a demurrer to the answer pleading such set-off. *pp. 422, 423.*

VERDICT.—*Venire De Novo.*—In an action against a building contractor and the surety on his bond, in which the surety claimed that he was discharged from liability on the bond by reason of a change in the contract, a verdict in the words, "We find for the defendant [naming the surety], release from his bond," was not so ambiguous or uncertain as to entitle plaintiff to a *venire de novo.* *p. 423.*

APPEAL AND ERROR.—*Harmless Error.*—A cause will not be reversed because the court in an instruction referred to a paragraph of answer, by number, which went out on demurrer, the instruction being applicable and intended to refer to a paragraph of answer held good, where the evidence is not in the record. *pp. 423, 424.*

From Delaware Circuit Court; *J. G. Leffler,* Judge.

Action by Thomas S. Guthrie against James Carpenter and others. From a judgment for plaintiff for less than the relief demanded, he appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*G. H. Koons,* for appellant.

*R. S. Gregory, A. C. Silverburg* and *W. J. Lotz,* for appellees.

DOWLING, J.—Action for damages by appellant against the appellees on a contract in writing by which the appellee Carpenter, as principal, and the appellee Simmons, as

surety, in consideration of $4,000 to be paid to Carpenter by appellant, agreed to construct for appellant a dwelling-house according to certain plans and specifications referred to in the contract, and made part of it, to complete the work within the time named, and to keep the same free from liens for work and materials. The complaint averred performance by appellant of all the conditions of the contract on his part, and charged divers breaches on the part of the appellees, the principal of which were a failure to complete the work within the time fixed by the agreement, failure to do certain work specified in the contract, and failure to pay certain bills for material and labor furnished and performed on said house, for which liens were filed, and which appellant was compelled to pay and discharge.

On motion of the appellees, the appellant was required to file with his complaint a copy of the plans referred to in the agreement. Carpenter filed an answer in six paragraphs, to one of which, the fifth, a demurrer was sustained. These answers were a denial, a plea of payment, and answers in avoidance of the allegations of delay and failure to build according to the plans and specifications.

Simmons, the surety in the agreement, answered in four paragraphs consisting of a general denial, a plea of payment, and other answers alleging alterations of the contract without his consent. The third paragraph of this answer went out on demurrer. Appellant moved to strike out the allegations of the supposed changes in the plans and specifications. This motion was overruled. He demurred to the fourth paragraph of the answer, and to each specification of change in the contract mentioned therein. These demurrers were overruled. Replies were filed to all paragraphs of the separate answers of the appellees remaining in the record.

The cause was tried by a jury, who returned a general verdict for appellant against Carpenter, assessing appellant's damages at $223.90, together with answers to the

questions of fact submitted to them. The verdict as to Simmons was in these words: "We find for the defendant, James L. Simmons, release from his bond. Thomas B. Snell, foreman."

Appellant moved for judgment for $424.15 on the special answers of the jury, which motion was overruled. Motions for a *venire de novo* and for a new trial were also overruled, and judgment was rendered on the verdict.

1. The decision of the court sustaining appellee's motion to require the appellant to file the plans of the building with his complaint did not constitute reversible error. While it was not necessary to make the plans a part of the complaint, it would not have been improper to do so in the first instance, and, if filed, they would at most have been surplusage, and surplusage does not vitiate a pleading.

Even if erroneous, the decision was not prejudicial to the appellant. The plans were an indispensable part of his proof, and must have come before the jury in the evidence. The objection that, if made a part of the complaint as an exhibit, the jury were thereby enabled to take them to their room, thus giving them an undue influence as a part of the evidence, is not sustained by any rule of pleading or practice. But, if such a result was feared, the question should have been presented by a motion to detach the objectionable paper from the complaint, and to exclude it from the pleadings to be delivered to the jury. As no motion of this kind was made by the appellant, it must be presumed that he consented to the delivery of the plans to the jury.

2. The second, third, fourth, and sixth errors assigned relate to the sufficiency of the fourth paragraph of the answer of the appellee, Simmons. The defense set up in this paragraph was that Simmons was released and discharged from liability as surety on the contract of his co-appellee Carpenter by reason of material alterations of the contract without his knowledge or consent.

The specific deviations from the requirements of that

agreement, and the changes in the nature and value of the portions of the work to be done under it, pointed out in the answer, were of a very material and important character, and many of them directly and injuriously affected the surety by increasing his apparent liability. For example, in the first specification it is stated that all bills for materials and labor were to be paid by the appellant to the persons holding such claims, and that the amounts so paid were to be deducted from the total consideration for the building of the house, and that only the residue was to be paid to the appellee Carpenter. This condition was a most important one to Simmons, as surety for the contractor Carpenter. If carried out, it afforded him complete protection against liability upon that condition of the contract which bound his co-appellee Carpenter to keep the property free from mechanics' and material men's liens. But the answer alleges that, instead of paying for the labor and materials in the manner provided for by the agreement, the appellant paid the whole of the contract price for building the house directly to the contractor, the appellee Carpenter.

It is not essential that the terms or conditions of a written agreement should be altered by another writing, or by changes inserted therein by interlineation. Such alterations may be by parol, and the acts of the parties mutually assenting to departures from the conditions of the original contract, may result in a complete change in the agreement between them. *Rhodes* v. *Thomas,* 2 Ind. 638; *Rigsbee* v. *Bouler,* 17 Ind. 167; 9 Cyc. Law & Proc., 598.

Not only were these deviations from the conditions and requirements of the contract material, but they were made upon a valuable consideration, as is clearly apparent from the averments of the answer. Referring again to the change in the mode of payment of the contract price for the construction of the building, the consideration for each pay-

ment made to the contractor was the work done and the ma-terials furnished. The payment to the contractor was clearly a benefit to him. The consideration for each change in the plans and specifications was the agreement of the contractor to substitute other kinds of work or different materials at the request of the appellant.

The paragraph expressly avers that each of these changes and alterations was made by the appellant and the con-tractor without the knowledge or consent of Simmons, the surety. Any material alteration of or deviation from the contract made by the parties upon a sufficient consideration, and without the consent of the surety, was sufficient to dis-charge the latter. As the jury found that many of the changes and alterations alleged in the fourth answer of Simmons were in fact made, and as they were material and were made upon a valuable consideration, without the con-sent of the surety, it was a matter of no importance that other changes named in the answer were not sufficient to work the release of the surety.

3. The third paragraph of Carpenter's answer alleged that the said appellee delayed the completion of the house at the request of the appellant. This defense is pleaded to that part of the complaint only which charges that the appellee Carpenter failed to finish the house within the time fixed by the contract. The answer stated a sufficient excuse for not finishing the work within the contract limit.

4. If the change made in the construction of the north wall of the laundry room was by the direction of the super-vising architect employed by the appellant, and who was at the time acting as appellant's agent to direct such change, it was binding on the appellant. The fourth partial an-swer of the appellee Carpenter was sufficient.

5. The sixth paragraph of the answer of Carpenter alleged that the appellee did certain extra work not in-cluded in the contract, and that the work and labor there-for were furnished by him at the cost named in the para-

graph. This answer is assailed on the ground that it did not allege that the extra work was done at the request of the appellant, or that the amount claimed therefor was due and unpaid. It appears from the special answers of the jury that this extra work was paid for by the appellant. The jury, therefore, allowed nothing for it on the set-off, and the appellant was not harmed by the ruling on the demurrer.

6. None of the special findings is inconsistent with the general verdict, nor did the facts shown by them entitle the appellant to judgment.

7. The reasons stated for the award of a *venire de novo* were not such as entitled the appellant to that writ and remedy. The verdict was general both as to Carpenter and Simmons. As to the latter, it was in these words: "We find for the defendant, James L. Simmons, release from his bond." The words "release from his bond" were superfluous, but were entirely consistent with the general finding in favor of that defendant. One of the defenses set up by Simmons was that by changes in the contract, made without his consent, he was discharged from liability. The words "release from his bond" merely indicated the ground on which the jury found in his favor. There was neither ambiguity nor uncertainty in the verdict, and hence no reason for a writ of *venire de novo*.

8. Various grounds were assigned for a new trial, and, among others, it was averred that the assessment of the amount of recovery was too small. The evidence was not brought up. The special answers covered only a part of the issues and facts in the case, and these answers, considered in connection with the averments of the complaint and the general verdict, afford no basis for the conclusion that the appellant was entitled to a larger sum than was given him. One of the answers stated that only $776 was paid to the appellee Carpenter, and from this fact it must be inferred that the residue of $4,000 remained in the hands of the

appellant, and was used by him not only for the purpose of paying the ordinary bills for labor performed and materials furnished, but also to discharge a portion, at least, of the amount of the claims for which liens were taken upon the property.

9.  We have carefully examined the instructions given and refused, but have found no error in the proceedings of the court. We do not consider it necessary to set them out in detail.

Although the third paragraph of the answer of the appellee Simmons, which went out on demurrer, was referred to by its number in instruction numbered thirteen, it is evident that the fourth paragraph of Simmons answer was intended, and the instruction was applicable to it. Moreover, as the evidence is not in the record, we cannot say that the error, if any occurred, was harmful to the appellant.

In our view of the case, the conclusion reached was just and correct, and no error in the record requires us to disturb it. Judgment affirmed.