NATIONAL SURETY COMPANY OF NEW YORK v. STATE
OF INDIANA, EX REL. BOARD OF COMMIS-
SIONERS OF CLARK COUNTY.

[No. 23,784.   Filed October 12, 1922.]

1.  PLEADING.—*Complaint.*—*Sufficiency against Demurrer.*—*Mo-
tion to Make More Specific.*—That a complaint is good as
against demurrer is not ground for denying a motion to make
it more specific.   p. 414.

2.  APPEAL.— *Review.*— *Ruling on Motion to Make Complaint
More Specific.*—*Action on Road Contractor's Bond.*—In an ac-
tion against the surety to recover for a breach of a road con-
tractor's bond, complaint *held* insufficient as against defend-
ant's motion to make more specific.   p. 414.

3.  APPEAL.—*Review.*—*Findings.*—*Evidence.*—*Sufficiency.*—In an
action against the surety to recover for a breach of a road
contractor's bonds in which the conclusions of law were in
favor of plaintiff, evidence *held* insufficient to sustain the find-
ings.   p. 415.

4.  EVIDENCE.— *Admissibility.*— *Copy of Reinsurance Contract
Authenticated by Insurance Department of Foreign State.*—
*Action on Surety Bonds.*—In an action against the surety to
recover for a breach of a road contractor's bonds, a certified
and authenticated copy of a reinsurance contract obtained
from the insurance department of another state was not com-
petent evidence in the absence of a showing that the laws of
that state required it to be on file, or on record, in such de-
partment; the full faith and credit clause of the federal Con-
stitution and the statutes of this state on the subject not
becoming operative until it is shown that there is some official
duty imposed by the law of the foreign state.   p. 415.

From Clark Circuit Court; *William Ridley,* Special
Judge.

Action by the State of Indiana, on the relation of the
board of commissioners of Clark county, against the Na-
tional Surety Company of New York.   From a judg-
ment for relator, the defendant appeals.   *Reversed.*

*Baskin & Vaughan* and *Wilmer T. Fox,* for appellant.
*Henry A. Burtt,* for appellee.

TOWNSEND, J.—Appellant is surety on two bonds of a
road contractor.   Relator brought this action to recover

for a breach of these bonds, in that the contractor failed to complete two roads in Clark county, known as the Charlestown and Lexington road and the Charlestown and Henryville road.

The complaint is in two paragraphs. The first paragraph asks for $8,978.50 damages for failure to complete the first road, and the second paragraph asks for $7,832.60 damages for failure to complete the second road.

The court found the facts specially and stated conclusions in favor of relator on both paragraphs of complaint, rendering judgment on the first paragraph for $7,582.46, and on the second paragraph for $6,599.12.

Appellant assigns eighteen specifications of error. To sustain these sixty-four propositions are stated, with citation of authority under each. Relator's brief does not meet these points and gives this court very little assistance.

Appellant first claims the court erred in overruling a motion to make each paragraph of the complaint more specific. The motion addressed to the first paragraph contains six specifications, as follows:

"1. That relator state definitely the number of miles of the Charlestown and Lexington road that have been completed, and the number of miles thereof remaining uncompleted. 2. That relator state definitely the engineer's estimate for the portion of the Charlestown and Lexington road completed and the engineer's estimate for the portion thereof remaining uncompleted. 3. That relator state definitely the contract price for the construction of said Charlestown and Lexington road. 4. That relator state definitely the payments made on the portion of the Charlestown and Lexington road completed, with the date and amount of each payment. 5. That relator state definitely the unexpended balance of the contract price in the hands of relator for said

Charlestown and Lexington road. 6. That relator state definitely the actual cost of completing said unfinished part of said road, if contract for the completion thereof has been awarded to a third party."

The motion addressed to the second paragraph is the same, except the name of the road.

The allegations in the first paragraph of complaint, relevant to the consideration of the above motion, are in substance: that the contractor began the construction of the road, but abandoned and failed to complete it; that relator notified appellant of the breach, and at the request of an agent of appellant gave to appellant a statement of facts concerning the default; that after said notice, the agent and attorneys for appellant made a personal investigation of the facts and thereby became informed; that it will require the expenditure of $8,978.50 to complete the road.

The second paragraph of complaint on this subject is the same as the first, except that it alleges that relator has awarded the contract to complete the road for the sum of $5,500; but this allegation is supplemented by the allegation that, because of the increased cost of labor and materials, it will require $7,832.60 to complete the second road. The contract price for the first road, as disclosed by the pleading, is $13,235.08. The contract price for the second road is $9,936.56.

The only attempt that relator makes to meet the error claimed by appellant in overruling this motion to make the complaint more specific, is to say that each

1, 2. paragraph of the complaint is sufficient to show nominal damages, and that, therefore, the complaint is good as against demurrer. This is begging the question. If we were to concede that the complaint is sufficient to show nominal damages, that has nothing whatever to do with the motion that we are here considering. Appellant has availed itself of the correct

method to compel relator to state definitely what is claimed. The motion should have been sustained as to the first, second, fourth, fifth and sixth specifications, so far as the first paragraph of complaint is concerned; and should have been sustained as to the same specifications, except the sixth, so far as the second paragraph is concerned.

Appellant insists that the findings of the court are not sustained by the evidence in this, that there is no evidence at all of the payments out of the fund for 3. the construction of these roads, no evidence of what amount is left in the fund, that for aught that appears from the evidence in this case, the county still has the entire contract price for these roads, which was raised by the sale of bonds. This recital of the evidence is not controverted by relator. The evidence, as recited in appellant's brief, shows only one payment made on either of these roads, $351.87, for grading a part of miles four, five and six of the Henryville road. This subtracted from the funds in the hands of the county for the construction of this road would leave $9,684.69. That is to say, $3,085.57 more than the court found that the county had been damaged for failure to complete the road. In other words, the county has $13,235.08 in its hands for the construction of the first road, and $9,684.69 in its hands for the construction of the second road. The finding of the court is therefore not sustained by sufficient evidence and the court erred in overruling appellant's motion for a new trial.

The bonds sued on in this case were executed by the Empire State Surety Company of New York. The contracts of the Empire State Surety Company were 4. taken over by the National Surety Company of New York. It is on this reinsurance contract that this action is based. Relator did not serve notice

on appellant to produce the reinsurance contract but obtained an authenticated and certified copy from the insurance department of the State of New York and introduced that in evidence over the objection of appellant. This is one of the errors claimed in appellant's motion for a new trial. This certified and authenticated copy would not be competent evidence for any purpose unless and until it was shown that the laws of New York required it to be on file, or of record, in an insurance department of that state. The full faith and credit clause of the Constitution of the United States and the statutes of our state on this subject do not become operative until it is shown that there is some official duty imposed by the law of the foreign state.

Judgment is reversed, with instructions to sustain appellant's motion for a new trial, and to sustain its motion to make the paragraphs of complaint more specific in the particulars we have hereinbefore indicated.