## NATIONAL SURETY COMPANY OF NEW YORK *v*. STATE, EX REL. BOARD OF COMMISSIONERS OF CLARK COUNTY.

[No. 12,465. Filed October 8, 1926. Rehearing denied January 4, 1927. Transfer denied December 10, 1931.]

*Wilmer T. Fox* and *Baskin & Vaughan,* for appellant.
*Burdette C. Lutz,* for appellee.

NICHOLS, J.—Action in two paragraphs of complaint by appellee to recover on two bonds given by Charles F. Fitch and Company for the construction of two public highways under the "three-mile gravel road law." The highways were designated in the contract as the "Charlestown and Henryville Road" and the "Charlestown and Lexington Road," but hereinafter as the "Henryville" and the "Lexington" roads respectively. The Empire State Surety Company executed the bonds as surety for the contractor, and afterwards, under a contract for reinsurance, appellant assumed complete liability on the bonds. The contractor failed to complete the highways and was defaulted. This is a second appeal, judgment for relator having been heretofore reversed on appeal to the Supreme Court. See *National Surety Co.* v. *State, ex rel.* (1922), 192 Ind. 412, 136 N. E. 569.

Numerous questions are presented and discussed, but, as we view this case, the questions presented by the court's conclusions of law based on finding of facts are decisive of this appeal. These facts, so far as here involved, and after setting out the proceedings establishing said highways, are: That, pursuant to further proceedings had in said matter, the board of commissioners, on May 6, 1908, entered into a written contract with Charles F. Fitch and Company, of Louisville, Kentucky, for the building and construction of certain highways designated and named in said petition, one of which said highways is designated as the "Henryville Road" and another of said highways is designated as the "Lexington Road," in which said contract it was provided that,

as the work progressed, the board would pay the contractors monthly upon the report of the engineer and his estimate thereof, according to the plans and specifications, provided, however, that 20 per cent of the contract price should be retained until the completion of each designated road, at which time the same should be paid as hereinbefore provided; said sums to be paid by said board at such times and in such amounts as said board might agree as heretofore mentioned, except no payment would be made for more than 80 per cent of the engineer's estimate of work done by the contractors on any said letters or sections, nor should the whole amount of contract price be paid until said road shall have been received as completed by the board, which should include the settlement by the contractor of all claims for work and material furnished by persons on said roads for and on behalf of said contractors, their agents and subcontractors; that the contract price for the construction of the Henryville Road under said contract was $9,936.56; that the contract price for the construction of the Lexington Road under said contract was $13,235.08; that, at the time of making its said bid, the said Fitch company filed and presented to said board of commissioners the bonds in suit, one conditioned for the faithful performance of said contract which was made a part of the bond for the construction of said Henryville Road payable to the State of Indiana in the penal sum of $19,871.12, with the Empire State Surety Company as surety thereon, which said bond was conditioned that the obligee should retain not less than 15 per cent of all payments for work performed and materials furnished in the performance of such contract until the complete performance by said principal of all the terms, covenants and conditions thereof on said principal's part to be performed, and until the expiration of the time within which liens or notices of liens would be

filed by reason of anything done in or towards the performance of said contract and until the cancellation and discharge of such liens, if any; that said bond was duly accepted and approved by said board; that the other bond was similar, except as to amount, and was presented and accepted for the Lexington Road; that, on September 18, 1912, appellant entered into a written contract of reinsurance with the said Empire State Surety Company, surety on said bonds, whereby appellant took over and assumed the liabilities and obligations of the said Empire State Surety Company, and including in said reinsurance contract any obligation that might be outstanding on said bonds, and said contract of reinsurance is now in full force and effect.

During the year 1912, the said Fitch company began the construction under its said contract of the said Lexington Road and the Henryville Road, and so continued work thereon until the latter part of the year 1912, when said company wholly abandoned work on said highways, leaving the same uncompleted; that the total length of said Henryville Road to be constructed under said contract was 5.95 miles; that the total estimated cost of constructing said road as estimated by the engineer and viewers was $9,935.56; that, at the time said Fitch company abandoned work on the Henryville Road, the part completed was 3.56 miles on the south end of said road, and the uncompleted part 2.39 miles on the north end of said road; that, during the time said Fitch company was performing work on said Henryville Road, the engineer and superintendent, under order of said board of commissioners, made and filed with the auditor of said county estimates on the amount of work done by said contractor on said road, and said board of commissioners ordered the payment of 80 per cent of said estimates so made by said engineer and superintendent, which said payments of 80 per cent amounted to a total

of $4,597.87; that, in addition to the payments made on estimates filed by said engineer and superintendent, said board allowed and paid from time to time a total of $1,397.70, designated in said allowances as being the 20 per cent due on that part of the road which had been completed and accepted by said board of commissioners; that the total amount allowed and paid to the Fitch company on its contract for construction of said Henryville Road is $5,995.57. An estimate of the cost of completing the unfinished part of said Henryville Road was made by the engineer and viewers appointed for that purpose, and the cost of completing said unfinished part of said road according to the original plans, specifications and profile was fixed at $5,515.25, but a contract was let therefor at $5,500, for which it was completed.

That the total length of said Lexington Road to be constructed under said contract by the Fitch company was 7.87 miles; that the total estimated cost of constructing said road, as shown by the estimates made and filed by the engineer and viewers appointed for that purpose, was $13,235.08; that, at the time said Fitch company abandoned work on the Lexington Road, the part completed was 5.07 miles, and the uncompleted part 2.80 miles; that, during the time said Fitch company was performing work on said Lexington Road, the engineer and superintendent, under order of said board, made and filed estimates with the auditor of said county on the amount of work done by said contractor on said road, and said board ordered the payment of 80 per cent of said estimates so made by said engineer and superintendent, which said payments of 80 per cent amounted to a total of $9,705.80; that, in addition to the payments made on estimates filed by said engineer and superintendent, said board allowed and paid from time to time a total of $1,523.99, designated in said allowance as being the 20 per cent due said

contractor on that part of the road which had been completed and accepted by said board of commissioners; that the total amount allowed and paid to the Fitch company on its contract price for construction of said Lexington Road was $11,229.79.

An estimate of the cost of completing the unfinished part of said Lexington Road was made by the engineer and viewers appointed for that purpose, and the cost of completing said unfinished part of said road according to the original plans, specifications and profile was fixed at $15,181, for which amount the road was completed by contract; that, after the abandonment of said contract on the Lexington Road by said Fitch company, there remained in the hands of the treasurer of said county a balance of $2,005.29, unexpended on its contract price for the construction of said road, which, deducted from $15,181, the cost of completing said road, leaves $13,175.71 as the amount expended by the county above the contract price of the Lexington Road; that, after the abandonment of said contract on the Henryville Road by the Fitch company, there remained in the hands of the treasurer of said county a balance of $3,939.99, unexpended on its contract price for the construction of said road, which, deducted from $5,500, the amount expended by the county above the cost of completing said road, leaves $1,560.01 as the amount expended by the county above the contract price of the Henryville Road.

On the facts above found, the court states its conclusions of law that the relator is entitled to recover $13,175.71 as damages on its first paragraph of complaint and $1,560.01 as damages on the second paragraph. Judgment was rendered accordingly.

It must be observed that appellant was only liable upon the bonds in suit upon the express conditions above set out.

In *Campbell* v. *Gates* (1861), 17 Ind. 126, the court, quoting from Burge, Suretyship, says that: ' "If the contract of suretyship is, as between the creditor and the surety, subject to a condition, the surety is discharged if the condition be not performed." ' It is well established that the general rule as to the effect of non-performance of conditions applies to sureties for building contracts, and, to hold the surety, conditions imposed by him must be complied with, and this rule applies to the amounts to be paid to the contractor during the progress of the work.

See 32 Cyc. 176, 188, and the numerous cases there cited. That this principle is followed in Indiana, see *Hubbard* v. *Reilly* (1912), 51 Ind. App. 19, 98 N. E. 886; and *Guthrie* v. *Carpenter* (1904), 162 Ind. 417, 70 N. E. 486. Other authorities sustaining the same rule are: *Board of Commissioners* v. *Branham* (1893), 57 Fed. 179, 180-183; *Lucas County* v. *Roberts* (1878), 49 Iowa 159, 161; *Gray* v. *School District* (1892), 35 Nebr. 438, 53 N. W. 377-380; *Village of Chester* v. *Leonard* (1896), 68 Conn. 495, 509-511, 37 Atl. 397; *City of Greenville* v. *Ormand* (1896), 51 S. C. 121, 124, 28 S. E. 147; *Equitable Surety Co.* v. *Board of Commissioners* (1916), 231 Fed. 33, 39; L. R. A. 1915B, p. 409, note.

In *Mayhew* v. *Boyd* (1853), 5 Md. 102, 59 Am. Dec. 101, the rule is thus tersely stated: "Any dealings with the principal debtor by the creditor which amounts to a departure from the contract by which the surety is to be bound, and which by possibility might materially vary or enlarge the latter's liabilities without his assent, operates as a discharge of the surety."

In this case, there was a condition in the bond the observance of which was necessary to bind the surety, but it was wholly unobserved. We hold that the surety was thereby released.

The judgment is reversed, with instructions to the court to restate its conclusions of law in favor of appellant, and to render judgment accordingly.