DETROIT FIDELITY AND SURETY COMPANY *v.* BUSHONG.

[No. 14,110. Filed April 15, 1931. Rehearing denied July 3, 1931. Transfer denied April 6, 1933.]

*Frederick Van Nuys, George M. Barnard* and *Raymond L. Walker,* for appellant.

*Elliott, Weyl & Jewett* and *John F. Robbins,* for appellee.

KIME, J.—This was an action by Welmer E. Bushong against the Indiana Builders Corporation and Detroit Fidelity and Surety Company, a paid surety, for the breach of a bond, executed by the Indiana Builders Corporation as principal, and the Detroit Fidelity and Surety Company as surety thereon. It was disclosed at the trial that the Indiana Builders Corporation had been adjudged a bankrupt; it made no defense; and judgment was rendered against defendant surety company. From this judgment defendant appeals.

Trial by court; special finding of facts; motion for new trial being overruled, appellant assigns as error the overruling of said motion and presents two errors; that the court erred in its conclusions of law numbers 1 and 2. The special finding, so far as it is material, discloses the following facts:

The contract between appellant and appellee was upon the standard form issued by the American Institute of Architects for use when stipulated sums forms the basis of payment. Article 3 of that contract provides that the owner pay the contractor in current funds and that $9,272.00 is the stipulated sum "and to make payments on account thereof as provided therein as follows: On

or about the 10th day of each months 85 per cent of the value, proportionate to the amount of the contract, of labor and materials incorporated in the work up to the first day of that month as estimated by the architect, less the aggregate of previous payments." On completion a sum to bring total to 85 per cent of contract price, 15 per cent to be retained until 61 days thereafter. The bond furnished by appellant with the building corporation as principal, appellant as surety, and appellee as obligee, provided that "the condition of this obligation is such that if the principal shall indemnify the obligee against loss or damage directly caused by the failure of the principal to faithfully perform said contract, then this obligation shall be null and void; otherwise remain in full force and effect. Provided, however, this bond is executed by the surety upon the following *express conditions* (our italics) which shall be precedent to the right of recovery hereunder." There are eleven such conditions following this provision, the seventh, which is applicable here, being as follows: "The surety shall not be liable for the infringement of any patent, or for the validity of any letters patent granted by the United States in connection with any article which is required by the contract to be furnished by the principal; nor shall the surety be liable hereunder unless the consideration paid by the obligee to the principal shall be in cash."

Special finding of fact number 6 shows that on the 18th day of July, 1923, the obligee (appellee) conveyed to the president of the Builders Corporation, realty as and for payment of $6,000.00 on contract and credit was given by said Builders Corporation for such amount on contract price. All this was done without any notice to the appellant and without its knowledge, authority or consent. This was only six days after a regular payment had been made under the contract and nothing was due at that time.

Where the liability of a surety on a bond to secure the performance of a contract is made to depend upon some material condition expressed therein, a compliance with the terms of such condition must be alleged and proved before there can be a recovery upon such bond. *Knight and Jillson Company* v. *Castle et al.* (1909), 172 Ind. 97, 87 N. E. 976, 27 L. R. A. 573, and cases cited there.

Condition number 1 of appellant's bond is as follows: "The obligee shall, at the time and in the manner specified in the contract, fully comply with all the terms thereof, and if the obligee default in the performance of any matter or thing agreed or required in this bond, or in the contract, the surety shall thereupon be relieved of all liability hereunder." From this it is quite evident that the surety intended that and did make the contract between the principal and obligee a part of the bond. It follows then that the paramount question is not whether or not the surety was damaged or prejudiced by failure of obligee to conform with the requirements of the contract and bond, but did the obligee comply with the said requirements as the surety has set forth and thought proper to qualify its liability. This court, at this juncture, does not assume or pretend to say that *any* variation (our italics) however slight, would operate as a release of the surety, but only such variations as are material. This brings us to the question of whether the premature payment made by the obligee was such a variation as to release the surety from its liability, and this court, in the case of *Hubbard* v. *Reilly* (1912), 51 Ind. App. 19, 98 N. E. 886, 888, citing *Guthrie* v. *Carpenter* (1904), 162 Ind. 417, p. 422, 70 N. E. 486, said that "the obligee in a bond should retain money and pay it out only according to the terms of the contract." The surety may not stand upon the strict letter of its undertaking and demand to be released therefrom for any and

every variation in the terms or the performance of its principal's contract, with reference to which the surety's agreement is made, but it may insist upon the compliance with material requirements, clearly expressed, which are made the condition to liability.

A surety on a bond to secure the faithful performance of a building contract which provides that payment shall be made at specific times as the work progresses, is released from liability under a bond if the owner, without the surety's consent, makes advances to the principal in excess of the amount due by the terms of the contract. *United States Fidelity & Guaranty Co.* v. *Citizens Building Co.* (1917), 62 Colo. 440, 163 Pac. 281; *National Surety Company* v. *State* (1926), (Ind. App.), 153 N. E. 421.

There being a total failure as shown by special finding of facts, on the part of the appellee to abide by the terms of the building contract secured by said bond, in that six days after payment of one of the 15 per cent specified payments appellee made payment for which credit was given of $6,000.00, when no payment should have been made until the 10th of the following month.

We hold, therefore, that the court erred in both conclusions of law numbers 1 and 2. This judgment is, therefore, reversed and it is so ordered.