In re the MARRIAGE OF Martha P. BUNTIN, Wife, Appellant (Respondent Below),

and

Presley T. Buntin, Husband, Appellee (Petitioner Below).

No. 4–785A210.

Court of Appeals of Indiana, Fourth District.

Sept. 9, 1986.

Wilson S. Stober, Susan W. Rempert, Indianapolis, for appellant.

Franklin I. Miroff, Monty K. Woolsey, Ancel, Miroff & Frank, Indianapolis, for appellee.

YOUNG, Judge.

Martha P. Buntin and Presley T. Buntin, a surgeon, entered a voluntary "Agreement Regarding Property Settlement, Custody and Education of Children", which was approved by the trial court upon the dissolution of their marriage on August 27, 1982. Pursuant to the agreement, Presley received personal belongings, including a division of the furniture and a 1932 Chevrolet, the family residence, a condominium in Florida, all right, title and interest in his medical practice, business and pension trust plus the various limited partnerships and tax shelters entered by the parties as tax and estate planning devices. Martha received $20,000.00 in cash plus personal belongings, including a division of the furniture, jewelry, furs and a 1978 Thunderbird. Each party also kept any bank accounts that were in their respective names.

Under the section titled "Maintenance, Education and Counseling," Presley agreed to pay for five semesters of college for Martha, three years of counseling, and three years of insurance. He also agreed to make 121 monthly payments of $2,400.00 each. A separate section provided that Presley would maintain an insurance policy to pay the remainder of the 121 payments after his death.

Upon learning that Martha was planning to remarry, Presley filed a petition to modify the agreement on the basis that a substantial change of circumstances had or was going to take place. Presley requested changes in the child custody provision and support provisions. He also requested that his obligation to make the monthly payments of $2,400.00 each be terminated,

arguing that the payments were maintenance. Martha objected to terminating the payments, asserting that they were part of the property settlement, not maintenance. The trial court determined the payments were maintenance and reduced the amount to $1,400.00 per month. Martha appeals that ruling.

We reverse.

Two issues are raised on appeal:

1) whether the trial court erred in admitting extrinsic evidence to determine the intent of the parties; and

2) whether the clause providing for monthly payments of $2,400.00 for 121 months is an agreement for maintenance or a property settlement.

Due to the overlap in these issues, we discuss them as one.

The agreement entered by the Buntins is a form of contract. Generally, the interpretation, construction or legal effect of a contract is a question to be determined by the court as a matter of law. However, if the terms of a contract are ambiguous, the parties may introduce extrinsic evidence to prove their meaning, and the construction of those terms becomes a question to be resolved by the trier of fact. *Goeke v. Merchants Nat. Bank and Trust Co.* (1984), Ind.App., 467 N.E.2d 760, 765 (*quoting Loudermilk v. Casey* (1982), Ind.App., 441 N.E.2d 1379); *Huntington Mut. Ins. Co. v. Walker* (1979), 181 Ind.App. 618, 392 N.E.2d 1182, 1184. "A contract is ambiguous if a reasonable person would find the contract subject to more than one interpretation." *Orkin Exterminating Co., Inc. v. Walters* (1984), Ind.App., 466 N.E.2d 55, 60. When a contract is determined to be unambiguous, the intent of the parties will be determined from the four corners of the document and extrinsic evidence will not be admitted to explain the meaning of the instrument. *Orkin, supra* at 60–61. Any negotiations or agreements made prior to the written agreement are disregarded when the document is unambiguous. *Seastrom, Inc. v. Amick Const. Co., Inc.* (1974), 161 Ind.App. 309, 315 N.E.2d 431, 433. The meaning of the agreement is to be ascertained by an examination of the entire contract. Particular words or paragraphs cannot be isolated from the remainder of the agreement. It must be read as a whole. *Fort Wayne Cablevision v. Indiana & Michigan Elec. Co.* (1983), Ind. App., 443 N.E.2d 863, 865.

In the present case, the clause at issue was in a document titled "Agreement Regarding Property Settlement Custody and Education of Children." The purpose of the agreement was to "settle the respective rights of the Husband and Wife to property, both real, personal and mixed, now owned by them." The clause itself stated:

8. Maintenance, Education and Counseling. Husband, recognizing that Wife has devoted most of her married life to being a homemaker and mother, agrees as follows:

(a) Husband shall pay Wife the sum of Twenty-Four Hundred Dollars ($2400) per month, for a period of one hundred twenty-one (121) consecutive months. The first payment shall be made on the first day of the first month following the granting of a dissolution of Marriage herein. The balance of the payments shall be at the rate of $2400 a month, one-half being paid on the first (1st) and one-half on the fifteenth (15th) of each month.

When the document is considered in its entirety, it becomes clear that this clause was a part of the property settlement.

Upon the dissolution of a marriage, the parties may enter a written agreement to provide for the division of property, maintenance and child custody. These agreements must be approved by the court before becoming binding on either party. Ind.Code 31–1–11.5–10. Dispositions of property pursuant to such an agreement are not subject to modification by the court unless the agreement provides for some form of modification or the parties agree to modification. Ind.Code 31–1–11.5–10(c).

Periodic payments may be utilized for either property settlements or maintenance. Various factors are to be con-

sidered in determining whether a clause is one for maintenance or part of a property settlement. The factors indicating maintenance are: the designation as maintenance; provisions terminating the payments upon the death of either party; payments made from future income, *Pfenninger v. Pfenninger* (1984), Ind.App., 463 N.E.2d 1115, provisions for termination upon remarriage, *Whaley v. Whaley* (1982), Ind.App., 436 N.E.2d 816; *Wilhelm v. Wilhelm* (1979), Ind.App., 397 N.E.2d 1079; provisions calling for modification based upon future events; and payments for an indefinite period of time. On the other hand, property settlements are indicated when: the payments are for a sum certain payable over a definite period of time, *Hicks v. Fielman* (1981), Ind.App., 421 N.E.2d 716; *Van Riper v. Keim* (1982), Ind.App., 437 N.E.2d 130, 132, n. 1; there are no provisions for modification based on future events; the obligation to make payments survives the death of the parties, *Hicks, supra*; the provisions call for interest; and the award does not exceed the value of the marital assets at the time of dissolution. *Pfenninger, supra* at 1119. In the present case, the trial court improperly focused on the use of the word maintenance in the sub-part heading. The use of the label "maintenance" is but one factor to be considered. When the document is examined in light of all the relevant factors, it is revealed that the award in this case was part of the property settlement and not maintenance.

 Although the clause does not specify a precise amount, the payments are designed to be made over a definite time period, making the total amount due easily calculable. The document does not provide for the modification of payments based upon any future event, including the death of either party or Martha's remarriage. Notably, the document provides for the payment of the installments after Presley's death by requiring him to maintain an insurance policy for that purpose. A separate clause also titled maintenance, provided that those payments would terminate if Martha died before the payments were completed. Thus, it is clear that the parties knew how to condition the cash awards upon the occurrence of future events but did not do so with respect to the monthly payments of $2400.

 Presley attempts to argue that the total amount of payments and property received by Martha under the agreement would be in excess of the net worth of the marital estate, thus indicating that the payments were maintenance. There is no authority to support an argument that a cash award in excess of the net worth of an estate constitutes maintenance. The law is that the award must be in excess of the value of the marital estate, not the net worth. *Wells v. Wells* (1986), Ind.App., 489 N.E.2d 972, 976. In the present case, the total award to Martha, including the installment payments, did not exceed the value of the marital estate. Thus, Presley's argument on this point is without merit.

It is also notable that the agreement states that the cash payments were made to Martha in recognition that she had "devoted most of her married life to being a homemaker and mother." This factor is one to be considered by courts in making a division of marital property. *See* Ind.Code 31–1–11.5–11. The clause makes no mention of the award being made for the purpose of maintaining Martha or being based on living costs or other maintenance costs. Under the section entitled "Disposition of Real Property", Presley received all of the marital property while Martha received only $20,000. The real estate alone, at the time of dissolution, was valued at approximately $320,000.

When one considers the value of the marital estate and the settlement agreement as a whole, it is clear that the clause at issue was intended as part of the property settlement. As such, the award is not subject to modification. Ind.Code 31–1–11.5–10(c). The trial court erred in reducing the amount of the monthly payments to $1,400.00.

Accordingly, we reverse.

CONOVER, P.J., and MILLER, J., concur.