**GENERAL CASUALTY INSURANCE COMPANY, Appellant–Plaintiff,**

v.

**Diana BRIGHT, Appellee–Defendant.**

**No. 31A04–0707–CV–374.**

Court of Appeals of Indiana.

April 29, 2008.

---

Christie A. Seifert, Goodin Abernathy, Indianapolis, IN, Attorney for Appellant.

Nicholas W. Haverstock, Burgher & Burgher, Corydon, IN, Attorney for Appellee.

## OPINION

SHARPNACK, Judge.

General Casualty Insurance Company ("General Casualty") appeals the trial court's grant of Diana Bright's motion to dismiss. General Casualty raises one issue, which we revise and restate as whether the trial court erred when it dismissed General Casualty's complaint. We reverse and remand.

The relevant facts follow. In 2003, Bright and her former husband, Robert Bright, maintained a homeowner's insurance policy ("the Policy") with General Casualty on a dwelling and other property. A clause in the Policy dealing with "Property Coverages" provides: **"Suit Against Us.** No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of the loss." Appellant's Appendix at 23, 31. The Policy also provides: "In this policy, 'you' and 'your' refer to the 'named insured' shown in the Declarations and the spouse if a resident of the same household. 'We,' 'us' and 'our' refer to the Company providing this insurance." *Id.* at 22. On June 7, 2003, the dwelling burned down, and the Brights submitted a claim for reimbursement pursuant to the Policy, which General Casualty paid.

On September 14, 2005, General Casualty filed a complaint against the Brights, alleging that they had caused the fire themselves and had fraudulently submitted the insurance claim. On August 11, 2006, Bright filed an answer to the complaint. On December 26, 2006, Bright filed a motion to dismiss, alleging that General Casualty had failed to file its complaint within one year after the house burned down. *Id.* at 8. After a hearing, the trial court granted the motion and dismissed General Casualty's complaint with prejudice.

The issue is whether the trial court erred when it dismissed General Casualty's complaint. A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it.[1] *Charter One Mortg. Corp. v.*

---

1. Although Bright's "Trial Rule 12B(6) Motion for Judgment on the Pleadings" could be construed as a motion for judgment on the pleadings under Ind. Trial Rule 12(C), the thrust of Bright's motion was that General Casualty "failed to state a claim for which relief may be granted." Appellant's Appendix at 8. Thus, we will apply the standard of

*Condra,* 865 N.E.2d 602, 604 (Ind.2007). Thus, our review of a trial court's grant or denial of a motion based on Trial Rule 12(B)(6) is de novo. *Id.* When reviewing a motion to dismiss, we view the pleadings in the light most favorable to the nonmoving party, with every reasonable inference construed in the nonmovant's favor. *Id.* A complaint may not be dismissed for failure to state a claim upon which relief can be granted unless it is clear on the face of the complaint that the complaining party is not entitled to relief. *Id.*

■ General Casualty argues that the clause in the Policy providing that "[n]o action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss" applies only to actions brought by the insured, in this case Bright, against General Casualty. Appellant's Appendix at 31. Bright, on the other hand, argues that, "If the policy was supposed to mean no action against General Casualty it would have expressly said that." Appellee's Brief at 4.

■ This case requires us to interpret the Policy. Insurance policies are governed by the same rules of construction as other contracts. *Bosecker v. Westfield Ins. Co.,* 724 N.E.2d 241, 243 (Ind.2000). "When interpreting an insurance policy, our goal is to ascertain and enforce the parties' intent as manifested in the insurance contract." *Burkett v. Am. Family Ins. Group,* 737 N.E.2d 447, 452 (Ind.Ct. App.2000). We construe the insurance policy as a whole and consider all of the provisions of the contract and not just individual words, phrases, or paragraphs. *Id.* If the language is clear and unambiguous, we give the language its plain and ordinary meaning. *Id.* An ambiguity exists where a provision is susceptible to more than one interpretation and reasonable persons would differ as to its meaning. *Bosecker,* 724 N.E.2d at 244. However, "[a]n ambiguity does not exist merely because the parties proffer differing interpretations of the policy language." *Burkett,* 737 N.E.2d at 452. Where there is an ambiguity, we strictly construe the insurance policy against the insurer and view the policy language from the standpoint of the insured to "further the general purpose of the insurance contract to provide coverage." *Bosecker,* 724 N.E.2d at 244.

Here, the Policy provides: "**Suit Against Us.** No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of the loss." Appellant's Appendix at 31. "Us" is defined as referring to General Casualty. *Id.* at 22. Although the parties agree that the clause concerning the timing of an action is unambiguous, Bright would have us read it separately from the heading "**Suit Against Us**" under which it falls. *Id.* 31. To so do, however, would be to construe individual words or phrases and not the Policy as a whole.[2] *See Burkett,*

review for a motion to dismiss under Ind. Trial Rule 12(B)(6).

2. Bright cites *In re Marriage of Buntin,* 496 N.E.2d 1351 (Ind.Ct.App.1986), *reh'g denied, trans. denied,* for the proposition that the "heading in a contract should not be the focus in determining its meaning." Appellee's Brief at 4. In *Buntin,* we considered whether a clause in a written agreement was intended to be a property settlement or a provision for maintenance. 496 N.E.2d at 1353–1354. In concluding that the document provided for a property settlement and not for maintenance, we noted that the trial court "improperly focused on the use of the word maintenance in the sub-part heading." *Id.* at 1354. However, we also noted that the use of the label "maintenance" in the heading was "a factor to be considered." *Id.* Likewise, in the present case, the heading "**Suit Against Us**" is a factor to be considered in interpreting the Policy. Appellant's Appendix at 31.

737 N.E.2d at 452. We hold that the clause providing that a suit be brought within one year after the date of the loss unambiguously refers only to suits against General Casualty, as its heading indicates, and not to General Casualty's claim against Bright.[3] *See, e.g., Allgood v. Meridian Sec. Ins. Co.*, 836 N.E.2d 243, 248 (Ind.2005) ("We think the meaning of the contractual terms at issue in Meridian's automobile policy is clear and we therefore find no ambiguity."). Accordingly, the trial court erred by granting Bright's motion to dismiss General Casualty's complaint.[4]

For the foregoing reasons, we reverse the trial court's grant of Bright's motion to dismiss and remand for proceedings consistent with this opinion.

Reversed and remanded.

BARNES, J. and VAIDIK, J. concur.

---

3. Bright observes that a clause in a section of the Policy dealing with personal liability provides, **"Suit Against Us.** No action can be brought against us unless there has been compliance with the policy provisions." Appellant's Appendix at 35. Comparing this clause with the contractual limitations period in the section on property coverages, Bright argues that "[e]ven though the headings are identical, the language contained in the body is different" because the clause in the section on personal liability "specifically says no action can be brought *against us.*" Appellee's Brief at 4. We believe, on the contrary, that the phrase "against us" is mere repetition in that clause and that both clauses govern only the conditions under which Bright may bring a suit against General Casualty.

4. Alternatively, General Casualty also argues that: (1) the contractual limitations period is void because General Casualty's complaint alleges fraud; (2) its allegation of fraud is not solely a contractual claim; (3) Bright is equitably estopped from using the contractual limitations period to bar General Casualty's

claim; and (4) its complaint should not have been dismissed with prejudice. Because we reverse the trial court's grant of Bright motion to dismiss based on the unambiguous language of the Policy, we need not address General Casualty's other arguments.

