T.C. Memo. 2011-200

UNITED STATES TAX COURT

JAMES F. MOORE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23193-09.                    Filed August 16, 2011.

<u>Keith Wolak</u>, for petitioner.

<u>K. Elizabeth Kelly</u> and <u>Mayer Y. Silber</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of

$4,087 in petitioner's 2006 Federal income tax.  After a

concession by respondent,[1] the sole issue for decision is whether

---

[1]  Respondent concedes that petitioner is not liable for an
accuracy-related penalty under sec. 6662(a).  Unless otherwise
indicated, all section references are to the Internal Revenue
                                              (continued...)

payments of $21,700.82 petitioner made to his ex-wife in 2006 are deductible as alimony under section 215(a).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Illinois at the time the petition was filed.

Petitioner was formerly married to Elaine Moore (Ms. Moore). On September 16, 1996, the Superior Court of Porter County, Indiana (State court) entered an agreed dissolution decree (the decree) dissolving their marriage. Paragraph 15 of the decree states:

> As and for maintenance, Husband shall pay and save Wife harmless from the mortgage, taxes and insurance on the marital home as they now exist. Husband shall receive the deductions for said payments. This obligation is not modifiable, except as herein after stated. Husband's payment of these obligations shall not be taxable to Wife. Husband shall save Wife harmless from all tax obligations as a result of paying these obligations. If Wife sells the marital home, she shall pay off the then existing mortgage, and Husband shall pay Wife the mortgage pay-off figure at eight (8) percent over the same time period of the mortgage which is paid off (i.e., so his obligation is complete by the end of November, 2010).

---

[1](...continued)
Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

In April 2002 Ms. Moore sold the marital home[2] and paid off the existing mortgage of $73,779.72. Pursuant to the decree, petitioner became obligated to reimburse Ms. Moore the $73,779.72 she used to pay off the mortgage.

In early 2006 petitioner filed an appeal with the Indiana Court of Appeals concerning his reimbursement obligation.[3] In April 2006 petitioner and Ms. Moore entered into a settlement agreement in which petitioner's maintenance obligation would terminate upon his paying Ms. Moore $20,000.

In 2006 petitioner made payments to Ms. Moore of $21,700.82[4] and deducted these amounts as alimony on his Form 1040, U.S. Individual Income Tax Return, for 2006. Respondent subsequently determined that petitioner's payments were not deductible as alimony.

OPINION

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving his entitlement to the claimed deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner,

_____

[2] Under the decree, Ms. Moore received full ownership of the marital home.

[3] The grounds of the appeal are unclear from the record.

[4] Petitioner made the following payments to Ms. Moore during 2006: $800.41 on Jan. 29, $450.41 on Feb. 28, $450 on Mar. 14, and $20,000 on Apr. 20.

503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 215(a) permits a deduction for the payment of alimony during a taxable year. Section 215(b) defines "alimony" as alimony which is includable in the gross income of the recipient under section 71. Section 71(b)(1) defines alimony as any cash payment meeting the four criteria provided in subparagraphs (A) through (D) of that section.[5] Accordingly, if

---

[5] Sec. 71(b)(1) provides:

SEC. 71(b). Alimony or Separate Maintenance Payments Defined.--For purposes of this section--

(1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--

(A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

any portion of the payments made by petitioner fails to meet any one of the four enumerated criteria, that portion is not alimony and petitioner cannot deduct it.

Respondent agrees that the requirements of subparagraphs (A) and (C) have been satisfied. He argues, however, that petitioner's payments to Ms. Moore do not satisfy subparagraphs (B) and (D). Respondent maintains that subparagraph (B) is not satisfied because paragraph 15 of the decree states that the payments are not income to Ms. Moore and that subparagraph (D) is not satisfied because the payments do not terminate on the death of Ms. Moore. Petitioner argues that the language in paragraph 15 excluding the payments from Ms. Moore's income does not apply to the payments made after the marital home was sold and that the payments terminate on Ms. Moore's death by operation of Indiana law.

Under section 71(b)(1)(D), in order to deduct a payment as alimony the payor must have no liability to continue making payments after the recipient's death; otherwise the payor may not deduct any required related payments. See Johanson v. Commissioner, 541 F.3d 973, 976-977 (9th Cir. 2008), affg. T.C. Memo. 2006-105; Kean v. Commissioner, 407 F.3d 186, 191 (3d Cir. 2005), affg. T.C. Memo. 2003-163. If the divorce instrument is silent as to the existence of a postdeath obligation, the requirements of section 71(b)(1)(D) may still be satisfied if the

payments terminate upon the payee spouse's death by operation of State law. Johanson v. Commissioner, supra at 977. If State law is ambiguous in this regard, however, a "federal court will not engage in complex, subjective inquiries under state law; rather, the court will read the divorce instrument and make its own determination based on the language of the document." Hoover v. Commissioner, 102 F.3d 842, 846 (6th Cir. 1996), affg. T.C. Memo. 1995-183.

The divorce decree is silent as to whether petitioner's obligation to reimburse Ms. Moore terminates in the event of Ms. Moore's death. Thus, we consider whether the obligation to make payments terminates upon Ms. Moore's death by operation of Indiana law.

Indiana statutory law is silent as to whether the obligation to make maintenance payments terminates on the death of the payee spouse. The parties point us to no caselaw, and we have discovered none, that expressly states whether the obligation of

maintenance terminates upon the death of the payee spouse.[6] Therefore, we conclude that Indiana law is ambiguous.

Finally, faced with a silent divorce decree and no State law resolution of the question, we independently review the decree to make our own determination as to the satisfaction of the section 71(b)(1)(D) requirement. See Hoover v. Commissioner, supra at 846. We do not read the decree as requiring the termination of payments in the event of Ms. Moore's death. Under the decree, petitioner's obligation is terminated only by satisfaction of the mortgage or reimbursement to Ms. Moore of the mortgage payoff amount. In fact petitioner stated that the termination of the

---

[6] Petitioner relies on Haville v. Haville, 825 N.E.2d 375, 379 (Ind. 2005) (Shepard, C.J., concurring), to support his argument that the obligation to pay maintenance terminates by operation of Indiana law. In Haville the concurring opinion states that "Even during the days of alimony, the rule was that periodic alimony payments made to support a former spouse (as opposed to alimony provided in lieu of a share of property) terminated upon the death of the * * * [payee spouse]." Id. (citing 1949 Ind. Acts ch. 120, s. 3, p. 313, and White v. White, 338 N.E.2d 749 (Ind. Ct. App. 1975)). While this statement appears to be favorable to petitioner, his reliance on this concurring opinion is misplaced. The issue in Haville was whether maintenance may be ordered to continue after the death of the payor spouse; the majority never addressed the effect of the death of the payee spouse on maintenance. Id. at 376. Furthermore, the authority relied on by the concurring opinion does not state that the obligation to pay maintenance terminates on death of the payee spouse. Rather, the statute and the opinion cited in the concurrence state that a court may provide for the discontinuance or reduction of periodic payments of alimony upon death or remarriage of the payee spouse. See White v. White, supra at 752. No Indiana statute or opinion says that the payor's obligation to pay alimony terminates upon the death of the payee spouse.

payments was tied to the mortgage payoff period and not a particular need of Ms. Moore. We have no reason to conclude that petitioner's obligation to reimburse the amount of the mortgage payoff would have terminated on Ms. Moore's death. Hence, the payments do not satisfy the requirements of section 71(b)(1)(D), and petitioner is not entitled to deduct as alimony the $21,700.82 of payments to his wife in 2006.[7]

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[7] Because petitioner fails to show that the payments comply with subpar. (D), we need not determine whether they satisfied subpar. (B).