T.C. Memo. 2011-265

UNITED STATES TAX COURT

JAMES F. MOORE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 23193-09.                    Filed November 8, 2011.

<u>Keith Wolak</u>, for petitioner.

<u>K. Elizabeth Kelly</u> and <u>Mayer Y. Silber</u>, for respondent.

SUPPLEMENTAL MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  On September 8, 2011, pursuant to Rule
161,[1] petitioner timely filed a motion for reconsideration of

_____

[*]  This opinion supplements our prior opinion, <u>Moore v.
Commissioner</u>, T.C. Memo. 2011-200.

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
                                              (continued...)

this Court's Memorandum Findings of Fact and Opinion in <u>Moore v. Commissioner</u>, T.C. Memo. 2011-200 (Moore I).  In Moore I we held that petitioner was not entitled to deduct payments that he made to his former spouse during 2006 as alimony under section 215(a).

## Background

We adopt the findings of fact in our prior Memorandum Findings of Fact and Opinion, Moore I.  For convenience and clarity, we repeat below the facts necessary for the disposition of this motion.

In 2006 petitioner made payments to his former spouse of $21,700.82 and deducted these amounts as alimony on his Form 1040, U.S. Individual Income Tax Return, for 2006.  Respondent subsequently determined that petitioner's payments were not deductible as alimony.  The divorce decree is silent as to whether petitioner's maintenance obligation to his former spouse terminates on her death.

## Discussion

Reconsideration under Rule 161 is intended to correct substantial errors of fact or law and allow the introduction of newly discovered evidence that the moving party could not have introduced, by the exercise of due diligence, in the prior proceeding.  <u>Estate of Quick v. Commissioner</u>, 110 T.C. 440, 441

---

[1](...continued)
all Rule references are to the Tax Court Rules of Practice and Procedure.

(1998).  This Court has discretion to grant a motion for reconsideration and will not do so unless the moving party shows unusual circumstances or substantial error.  Id.; see also Vaughn v. Commissioner, 87 T.C. 164, 166-167 (1986).  "Reconsideration is not the appropriate forum for rehashing previously rejected legal arguments or tendering new legal theories to reach the end result desired by the moving party."  Estate of Quick v. Commissioner, supra at 441-442.

In Moore I we concluded that petitioner was not entitled to deduct payments he made to his former wife as alimony under section 215.  Section 215(a) permits a deduction for the payment of alimony during a taxable year.  Section 215(b) defines "alimony" as alimony which is includable in the gross income of the recipient under section 71.  Section 71(b)(1) defines alimony as any cash payment meeting the four criteria provided in subparagraphs (A) through (D) of that section.[2]  Accordingly, if

---

[2]  Sec. 71(b)(1) provides:

> SEC. 71(b). Alimony or Separate Maintenance Payments Defined.--For purposes of this section--
>
> > (1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--
> >
> > > (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
> > >
> > > (B) the divorce or separation instrument does not designate such payment as a payment which is
> > > (continued...)

any portion of the payments petitioner made fails to meet any one of the four enumerated criteria, that portion is not alimony for purposes of section 71(b)(1) and petitioner cannot deduct it.

Respondent agreed that the requirements of subparagraphs (A) and (C) had been satisfied. He argued, however, that petitioner's payments to his former wife did not satisfy subparagraphs (B) and (D). We agreed with respondent that the payments did not satisfy the requirements of section 71(b)(1)(D). We also noted that "[b]ecause petitioner fails to show that the payments comply with subpar. (D), we need not determine whether they satisfied subpar. (B)."

Petitioner argues that we should grant his motion for reconsideration because (1) this Court, when deciding whether alimony payments automatically terminate upon the death of the payee spouse under Indiana law, overlooked <u>Deel v. Deel</u>, 909

---

[2](...continued)
> not includible in gross income under this section and not allowable as a deduction under section 215,
>
>      (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and
>
>      (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

N.E.2d 1028 (Ind. Ct. App. 2009) and (2) we failed to address whether petitioner satisfied his evidentiary obligation with respect to section 71(b)(1)(B).  In response, respondent contends that petitioner's allegations of error are not based on new evidence and merely restate arguments petitioner made in Moore I.

In deciding whether petitioner's maintenance obligation would terminate upon the death of his former spouse, the Court considered Deel and determined that it did not warrant discussion.  Petitioner cited Deel for the proposition that under Indiana law, unless the terms of the divorce decree specify that the payments survive the death of the payee spouse, maintenance payments automatically terminate on the death of the payee spouse.  After reviewing Deel we determined that it did not stand for the proposition for which petitioner cited it.

In Deel, the Indiana Court of Appeals decided whether the payments Mr. Deel made to his former wife were maintenance payments or part of a property settlement, not whether under Indiana law a maintenance obligation terminates on the death of the payee spouse.  Deel v. Deel, supra at 1031.  After concluding the divorcee decree was ambiguous, the court of appeals stated:

> To resolve the ambiguity, we consider various factors to determine whether the clause is one for maintenance or part of a property settlement.  Mackey v. Estate of Mackey, 858 N.E.2d 1038, 1043 (Ind. Ct. App. 2006) (citing In re Marriage of Buntin, 496 N.E.2d 1351, 1353-54 (Ind. Ct. App. 1986)).  The factors indicating that a payment was maintenance are: (1) the designation as maintenance; (2) provision terminating the payments upon death of either

party; (3) payments made from future income; (4) provisions for termination upon remarriage; (5) provisions calling for the modification based upon future events; (6) and payments for an indefinite period of time. Id. On the other hand, property settlements are indicated when: (1) the payments are for a sum certain payable over a definite period of time; (2) there are no provisions for modification based on future events; (3) the obligation to make payments survives the death of the parties; (4) the provisions call for interest; and (5) the award does not exceed the value of the marital assets at the time of dissolution. Id.; see also * * * [Brinkmann v. Brinkmann, 772 N.E.2d 441, 445 (Ind. Ct. App. 2002)].

Id. at 1034.

The court of appeals concluded that for a number of reasons, the payments constituted spousal maintenance. Id. In evaluating the factors the court of appeals stated that "the sum and duration of the payments were uncertain because the decree does not include an obligation for Husband to continue payments if Wife died prior to attaining the age of sixty-five."[3] Id. at 1035. This is the statement on which petitioner relies. The court of appeals did not explain why it concluded the payments terminate on the payee's death. It is unclear whether this determination was based on the facts of the case, and the court of appeals did not cite any Indiana law for support. Furthermore, the Court of Appeals stated that it was resolving the ambiguity against the wife because her attorney drafted the divorce decree. Id. (citing Time Warner Entmt. Co. v. Whiteman,

_____

[3] The divorce decree provided that the payments terminated when wife reached 65.

802 N.E.2d 886, 894 (Ind. 2004) ("We construe any contract ambiguity against the party who drafted it.")). We do not read Deel as expressly stating that Indiana law inserts into all Indiana divorce decrees a default provision that automatically terminates maintenance obligations upon the death of the payee spouse. Petitioner did not cite an opinion or statute, and we have found none, that expressly states that, absent a provision in the divorce decree to the contrary, by operation of Indiana law maintenance payments automatically terminate on the death of the payee spouse.

In addition, petitioner questions our decision to not discuss whether he satisfied his evidentiary obligation with respect to section 71(b)(1)(B). The four requirements of section 71(b)(1) are conjunctive; a payment is deductible as alimony only if all four requirements of section 71(b)(1) are met. Johnson v. Commissioner, T.C. Memo. 2006-116. Because the payments petitioner made to his former spouse do not meet the requirements of section 71(b)(1)(D), the question of whether the payments meet the requirements of section 71(b)(1)(B) did not need to be decided.

Petitioner has failed to demonstrate unusual circumstances or substantial errors of fact or law. Accordingly, we will deny petitioner's motion for reconsideration.

To reflect the foregoing,

<u>An appropriate order
will be issued</u>.